Argued and submitted January 6, 1992, affirmed in part; otherwise reversed and remanded for further proceedings March 3, reconsideration denied May 26, petition for review allowed July 27, 1993 (317 Or 271)

# Max A. McKENZIE
## and Debra A. McKenzie,
*Appellants,*

*v.*

# PACIFIC HEALTH & LIFE INSURANCE COMPANY,
an Oregon corporation,
*Respondent.*

## (CV90-188; CA A67100)

847 P2d 879

Timothy J. O'Hanlon, Pendleton, argued the cause for appellants. On the briefs were W. Eugene Hallman and Mautz, Hallman, Pendleton.

Ronald L. Marceau, Bend, argued the cause for respondent. With him on the brief were Martin E. Hansen and Marceau, Karnopp, Petersen, Noteboom & Hubel, Bend.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

Plaintiffs, Max and Debra McKenzie, appeal from a judgment dismissing Max's claim for breach of a health insurance contract. They assign error to the trial court's striking of allegations relating to damages and to breach of the duty of good faith and fair dealing. The trial court dismissed all claims made by Debra, and that ruling is not assigned as error. Accordingly, we affirm as to Debra. Our reference to "plaintiff" is to Max.

Defendant issued a policy to plaintiff that insured him against major medical expenses up to $1 million. The policy excluded coverage of expenses relating to arthritis. Plaintiff developed "aseptic necrosis" of both hips, a condition that, loosely translated, is "dead, infected hip bones." After defendant learned that plaintiff needed surgery, it began to question the claim. Plaintiff's doctor sent defendant a letter stating that plaintiff needed a total hip replacement. He explained that plaintiff's condition was not arthritis. Defendant denied coverage.

Plaintiff's complaint alleged, in part:

"6

"Defendant refused to authorize the surgery for aseptic necrosis. Defendant took this action without investigation of any kind and specifically in contradiction to the medical advice received by plaintiff's physician, a copy of which is attached as Ex. A. As a result of the refusal to pay for the surgery for aseptic necrosis, plaintiff was forced to delay surgery and to attempt to obtain other insurance.

"FIRST CLAIM - BREACH OF CONTRACT

"7

"Plaintiffs have duly performed all conditions required of them by said policy of insurance.

"8

"Defendant, in breach of the implied covenant of good faith and fair dealing and/or the terms of said policy of insurance:

"(1) Failed and refused to pre-authorize or pay for the insured Max A. McKenzie's surgery for aseptic necrosis.

"(2) Acted in bad faith denying plaintiffs the fruits of the insurance contract.

"9

"Defendant's breach caused plaintiff Max A. McKenzie bodily harm.

"10

"Defendant's breach was of such a kind that serious emotional disturbance was a particularly likely result.

"11

"As a result of defendant's breach, plaintiff Max A. McKenzie has suffered bodily harm and emotional distress, the amount of which will be proven at trial, and plaintiff has incurred medical expenses relating to surgery for aseptic necrosis in an amount in excess of $10,000.

"* * * * *

"WHEREFORE, plaintiffs' [sic] pray for judgment against defendant in an amount of economic and non-economic damages to be proven at trial, for an award of punitive damages in the amount of $100,000.00, for reasonable attorney fees in an amount to be determined by the court and for costs and disbursements incurred herein."

On defendant's motion, the court struck paragraph 6, all of paragraph 8 except for the allegation claiming failure or refusal to pre-authorize surgery, paragraphs 9, 10 and 11 and the prayer. The court gave plaintiff leave to replead the damages allegation, but plaintiff declined. The court dismissed the complaint with prejudice. On appeal, plaintiff assigns error to the striking of the allegations.

■■■ Defendant argues that, because plaintiff could have repled the damages allegation and proceeded to trial on the express contract claim, but instead allowed judgment to be entered against him, the appeal is piecemeal and should be dismissed. Final judgment was entered dismissing plaintiff's complaint in its entirety, with prejudice. Plaintiff apparently elected not to pursue the allegations relating to breach of the express terms of the contract that remained after the court had stricken the allegations related to breach of the duty of good faith and fair dealing. A party may violate its duty of good faith without also breaching the express provisions of the contract. *Elliot v. Tektronix, Inc.*, 102 Or App 388, 796

P2d 361, *rev den* 311 Or 13 (1990). Accordingly, we conclude that a claim for breach of the duty of good faith may be pursued independently of a claim for breach of the express terms of the contract. Plaintiff is entitled to appeal the trial court's ruling on that claim. We need not decide whether he is barred from litigating the allegations that he has chosen not to pursue related to breach of the express terms of the contract. The appeal is not piecemeal.

■■ Defendant contends that the trial court correctly struck the allegations related to breach of the duty of good faith and fair dealing, because that duty is applicable only to contracts in which one of the parties has some discretion in the performance of its obligation. It is true that, in *Best v. U.S. National Bank*, 303 Or 557, 739 P2d 554 (1987), the court focused on contracts that give "discretion" to one party. 303 Or at 561. A contract that necessitates the exercise of discretion certainly implicates the duty of good faith. Yet, so long as it is not inconsistent with the express terms of the contract, the duty of good faith is a contractual term that is implied by law into *every* contract, not just those that necessitate the exercise of discretion. *See Sheets v. Knight*, 308 Or 220, 233 n 12, 779 P2d 1000 (1989). We conclude that, within defendant's obligation to pay all covered claims was the duty to determine, in good faith, whether a claim is covered, and to refrain from arbitrarily refusing to pre-authorize medical treatment. The trial court erred in striking the allegations contained in paragraphs 6 and 8 related to the duty of good faith and fair dealing.

■■ Plaintiff contends that the court erred in striking the allegations contained in paragraphs 9 and 10 that the breach of contract caused him bodily injury and emotional distress. Ordinarily, emotional distress caused by pecuniary loss resulting from a breach of contract is not recoverable. *Farris v. U.S. Fid. and Guar. Co.*, 284 Or 453, 456, 587 P2d 1015 (1978). When, however, the emotional distress is caused by physical harm that results from the breach of contract, the case is different. *Coffey v. Northwestern Hospital Assn.*, 96 Or 100, 115, 183 P 762 (1919), *reh'g denied* 189 P 407 (1920); *see Keltner v. Washington County*, 310 Or 499, 506, 800 P2d 752 (1990). Plaintiff alleged that defendant's breach caused both

physical and emotional harm. The trial court erred in striking the allegations.

■ Finally, plaintiff assigns error to the trial court's striking of the damages allegation of paragraph 11 and the prayer. He concedes that the prayer for punitive damages is inappropriate. ORCP 18 provides that, when a pleading contains a demand for the recovery of money damages, "the amount thereof shall be stated." Plaintiff argues that he is forced to plead damages in a open-ended fashion, because his treatment is ongoing, and the full extent of his monetary damage is not yet ascertainable. We agree with the trial court that the allegations were not sufficiently specific. On remand the allegation of damages may be amended. We agree with plaintiff that he was not required to specify the amount of his non-economic damages. ORCP 18B.

Affirmed as to Debra A. McKenzie; otherwise reversed and remanded for further proceedings not inconsistent with this opinion.