Argued and submitted June 16, 1994, affirmed May 17, 1995

Linda EGGIMAN,
*Appellant,*

*v.*

MID-CENTURY INSURANCE COMPANY,
a foreign corporation,
*Respondent.*

(9304-02123; CA A81855)

895 P2d 333

Timothy W. Grabe argued the cause and filed the brief for appellant.

Barbara L. Johnston argued the cause for respondent. With her on the brief was Larry A. Brisbee.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff Eggiman appeals from a summary judgment for defendant Mid-Century Insurance Co. on her action for breach of contract. She alleged that defendant breached its obligation under an insurance policy, which provided for personal injury protection (PIP) benefits, by refusing to preauthorize physical rehabilitation treatment after she sustained injuries in an automobile accident. We affirm.

On November 3, 1990, plaintiff suffered a soft tissue back injury in an automobile accident.[1] At that time, she was insured under an automobile liability policy issued by defendant, which provided for statutorily mandated PIP benefits. ORS 742.520(1).

Following the accident, Keith Johns, a chiropractor, treated plaintiff's back injuries. On April 9, 1991, Johns wrote to defendant recommending that plaintiff participate in a "physical rehabilitation and educational program." Such programs combine supervised aerobic and strength exercises with counseling.[2] On May 16, 1991, defendant responded:

> "Physical Therapy is covered under the policy. However, 'rehabilitation', per se, is not.
>
> "Our primary goal and responsibility to the Insured, is to provide benefits to place them back to the condition they were in prior to the accident.
>
> "Rehabilitation goes beyond this process. Although I agree it is to the benefit of the patient to strengthen weak areas to avoid further injuries, the purpose of the coverage is, as was stated above, to place the patient back to the condition they were in just prior to the accident."[3]

---

[1] We present the facts in the light most favorable to the plaintiff, as the non-moving party. *Seeborg v. General Motors Corporation*, 284 Or 695, 699, 588 P2d 1100 (1978).

[2] In a report to defendant, one of plaintiff's treating physicians described "rehabilitation":

> "Rehabilitation is directed at physical functioning, more than at the pathology. Rehab[ilitation] incorporates counseling into the physical treatment program. Therefore, rehab[ilitation] can resolve the emotional and disability problems that can occur with the chronic pain of physical injuries."

[3] In October 1991, Johns again requested that defendant approve plaintiff's admission to a rehabilitation program at East Side Athletic Club. The record does not contain defendant's response to that request.

Thereafter, a dispute arose over defendant's refusal to pay. On December 3, 1991, defendant wrote to Johns and plaintiff informing them that it would not pay for most of Johns' services. Three days later, plaintiff demanded arbitration, pursuant to ORS 742.520(6),[4] concerning defendant's refusal to pay, but not its refusal to preauthorize rehabilitation. Defendant eventually agreed to pay all of Johns' submitted fees, and plaintiff canceled arbitration in March 1992.

In January 1992, approximately nine months after Johns requested preauthorization, plaintiff enrolled in a physical rehabilitation program at Portland Rehabilitation and Sports Medicine, a rehabilitation program that accepts patients without insurance preauthorization. Thereafter, notwithstanding its refusal to preauthorize physical rehabilitation, defendant paid all of plaintiff's submitted costs for rehabilitation at Portland Rehabilitation.

In April 1993, plaintiff brought this action against defendant for breach of contract. She alleged that defendant breached its insurance contract by failing to preauthorize rehabilitation. Plaintiff asserted that defendant's failure to timely preauthorize rehabilitation prevented her from recovering fully and left her 30 percent permanently disabled.

Defendant moved for summary judgment, arguing that it did not breach its insurance contract and that, in any event, ORS 742.520(6) required plaintiff to arbitrate her claim against defendant. The trial court granted defendant's motion on the ground that plaintiff should have arbitrated her claim.[5]

Plaintiff contends that the trial court erred in granting summary judgment for defendant. In particular, plaintiff argues that: (1) genuine issues of material fact exist as to

---

[4] ORS 742.520(6) (*since amended by* Or Laws 1993, ch 282, § 1) provided:

"Disputes between insurers and beneficiaries about the amount of personal injury protection benefits, or about the denial of personal injury protection benefits, shall be decided by arbitration."

[5] Defendant did not move pursuant to ORS 36.310 to abate the action and compel arbitration. In opposing summary judgment, plaintiff did not assert that defendant's failure to so move precluded it from asserting an entitlement to summary judgment based on plaintiff's failure to arbitrate. Nor did plaintiff, in the alternative, apply for abatement of the action in the event that the court determined that an issue in dispute should have been arbitrated. ORS 36.315.

whether defendant breached its contract to provide PIP benefits; and (2) as a matter of law, she was not required to arbitrate her claim. The success of plaintiff's arguments depends ultimately on her assertion that, under *McKenzie v. Pacific Health & Life Ins. Co.*, 118 Or App 377, 847 P2d 879 (1993), defendant had a duty to determine, in good faith, whether her insurance policy covered physical rehabilitation, and to refrain from arbitrarily refusing to preauthorize that treatment. We conclude that defendant had such a duty, but that the determination as to whether defendant breached that duty is subject to mandatory arbitration under ORS 742.520(6).

We note, at the outset, that the summary judgment record does not include plaintiff's actual PIP policy with defendant. In moving for summary judgment, defendant did not attach excerpts of the policy, but, instead, assumed that the pertinent policy provisions conformed to, and did not exceed, the requirements of the PIP statutes, ORS 742.520 *et seq.* Plaintiff apparently made the same assumption, because she did not submit excerpts of the policy in opposing summary judgment; nor did plaintiff ever argue, either before the trial court or on appeal, that defendant's failure to do so precluded summary judgment. Thus, any ostensible deficiency in defendant's summary judgment submission is not assigned as error and does not compel reversal. In reviewing the summary judgment, we shall assume that the policy terms pertinent to the issues on appeal parallel the statutory requirements.

Turning to the merits, we first consider plaintiff's argument that, under *McKenzie*, defendant had a duty to refrain from arbitrarily refusing to preauthorize covered treatments. In *McKenzie*, the plaintiff was insured under a health insurance policy, which expressly excluded coverage for expenses related to arthritis. The plaintiff subsequently developed "aseptic necrosis" in his hips, a condition that is not arthritis, but is "dead, infected hip bones." The plaintiff's doctor asked the defendant insurer to preauthorize hip replacement surgery, explaining that the condition was not arthritis. When the defendant nevertheless refused to preauthorize the surgery, the plaintiff sued, alleging, *inter alia*, that the defendant's refusal breached the implied covenant of

good faith and fair dealing. The trial court struck the plaintiff's claim for breach of the duty of good faith, and we reversed:

> "[S]o long as it is not inconsistent with the express terms of the contract, the duty of good faith is a contractual term that is implied by law into *every* contract * * *. *See Sheets v. Knight*, 308 Or 220, 233 n 12, 779 P2d 1000 (1989). We conclude that, within defendant's obligation to pay all covered claims was the duty to determine, in good faith, whether a claim is covered, *and to refrain from arbitrarily refusing to preauthorize medical treatment.*" 118 Or App at 381 (emphasis supplied).

Defendant argues that *McKenzie* is distinguishable in several material respects. Defendant contends that *McKenzie* holds that an insurer has a duty to preauthorize treatments in good faith *only* when it has an express contractual duty to preauthorize treatments. Because the PIP statutes do not refer to preauthorization, *see infra*, 134 Or App at 387, defendant reasons that there could be no good faith duty to preauthorize. As further support for its position, defendant cites *Uptown Heights Associates v. Seafirst Corp.*, 127 Or App 355, 873 P2d 438 (1994), *aff'd in part, rev'd in part* 320 Or 638, 891 P2d 639 (1995).

Defendant misreads both *McKenzie* and *Uptown Heights*. In *McKenzie*, there is no suggestion that the duty to preauthorize in good faith arose from a duty to preauthorize expressly imposed by the health insurance policy at issue there. Indeed, our review of the briefs and oral arguments in *McKenzie* discloses no mention of such an express contractual duty. Rather, the duty to refrain from arbitrarily refusing to preauthorize treatments in *McKenzie* stems from defendant's general "obligation to pay all covered claims." 118 Or App at 381.

Similarly, *Uptown Heights* does not hold that an implied duty of good faith must precisely refer to a specific, express contractual duty. Instead, *Uptown Heights* validates the obverse proposition, *i.e.*, that a duty of good faith will not be implied and enforced in contravention of a parties' express contractual rights (there, an express contractual entitlement to foreclose). 127 Or App at 360-61.

*McKenzie's* flexible and sensible analysis applies equally here. As in *McKenzie*, a duty to preauthorize in good faith is properly implied because, absent such a duty, a PIP insurer could avoid its contractual obligations altogether by arbitrarily withholding preauthorization. Without preauthorization — without assurance that the insurer will pay the cost of treatment — medical providers may refuse to provide the treatment, or PIP insureds may feel compelled not to obtain covered treatment, frustrating contractual expectations.[6]

For related reasons, defendant's arguments pertaining to the particular requirements of the PIP statutes also fail. Defendant argues that, under the PIP statutes, an insurer's only duty is to pay previously incurred, covered expenses. Defendant relies particularly on ORS 742.524(1)(a):

"Personal injury protection benefits * * * shall consist of the following payments for the injury or death of each person:

"(a) All reasonable and necessary expenses of medical, hospital, dental, surgical, ambulance and prosthetic services incurred within one year after the date of the person's injury[.]"

Defendant's statutory arguments are, in some respect, an analytic *non sequitur*. It is true that the PIP statutes, including ORS 742.524(1), do not expressly impose a duty to preauthorize. But neither did the health insurance statutes underlying the dispute in *McKenzie*. *See* ORS 743.402 *et seq*. Perhaps more pertinently, as in *McKenzie*, nothing in the statutory scheme precludes the recognition and enforcement of a duty to preauthorize in good faith. Nor does defendant point to any material differences between the PIP statutes and the health insurance statutes, or their predicate purposes, that dictate a different result. Although courts cannot imply and enforce a good faith duty in contravention of statutes, *see U.S. National Bank v. Boge*, 311 Or 550, 567, 814 P2d 1082 (1990), we are not so constrained by statutory neutrality.

---

[6] In responding to defendant's motion for summary judgment, plaintiff presented affidavits stating that Portland Rehabilitation and Sports Medicine was the only local program that would accept patients without insurance preauthorization.

Here, as in *McKenzie*, the PIP insurer's duty to preauthorize in good faith is a direct and natural corollary of the insured's "obligation to pay all covered claims." *McKenzie*, 118 Or App at 381. Without such a duty, a PIP insurer could, in many instances, avoid its statutory obligation because, without preauthorization, many insureds will be unable or unwilling to obtain treatment and incur expenses, short-circuiting the insured's duty to pay under ORS 742.524(1)(a). We conclude, therefore, that defendant had a good faith duty to refrain from arbitrarily refusing to preauthorize covered treatment.

■ Nonetheless, we conclude that the trial court properly granted defendant's motion for summary judgment on the ground that plaintiff's claim is subject to mandatory arbitration under ORS 742.520(6) (*since amended by* Or Laws 1993, ch 282, § 1). That statute provided:

> "Disputes between insurers and beneficiaries about the amount of personal injury protection benefits, or about *the denial of personal injury protection benefits*, shall be decided by arbitration." (Emphasis supplied.)

Plaintiff argues that ORS 742.520(6) mandates arbitration only when an insurer refuses to pay already incurred costs, because ORS 742.524(1)(a) defines personal injury protection benefits as *payments* for incurred expenses. However, consistent with *McKenzie*, an insurer's arbitrary withholding of preauthorization is a species of nonpayment because, absent preauthorization, insureds may be deterred or prevented from even incurring covered expenses. Thus, a PIP insurer's arbitrary refusal to preauthorize a covered treatment constitutes a "denial of personal injury protection benefits" subject to mandatory arbitration under ORS 742.520(6).

■ We recognize that plaintiff's claim is not that defendant is presently arbitrarily withholding preauthorization, but that defendant's alleged prior arbitrary withholding of preauthorization caused her to suffer permanent personal injuries. Nonetheless, the success of that claim depends on a determination that defendant's refusal to preauthorize physical rehabilitation was unreasonable. ORS 742.520(6) requires an arbitrator to make that determination in the first instance. Because no such determination was made here, the

trial court properly entered summary judgment for defendant.

Affirmed.