Submitted on record and briefs April 3, reversed and remanded June 5, 2003

Frank E. VOTH,
*Appellant,*

*v.*

Dr. Donald SMITH;
Dr. Jerry Felder; Dr. John L. Stoune;
Snake River Correctional Institution Health Services;
Eastern Oregon Correctional Institution Health Services;
Two Rivers Correctional Institution Health Services;
and Officer Meyerhoffer,
*Respondents.*

CV-01-1256; A117764

69 P3d 1274

Frank E. Voth filed the briefs *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jas. Jeffrey Adams, Assistant Attorney General, filed the brief for respondents.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

KISTLER, J.

**KISTLER, J.**

The trial court granted defendants' motion to dismiss plaintiff's first supplemental complaint because he failed to provide timely tort claim notice. We reverse and remand.

Plaintiff is in the custody of the Oregon Department of Corrections. He brought an action against various persons associated with the department, alleging that they had improperly released his private medical information and that they had provided him with substandard medical care. Plaintiff also alleged that he "has suffered * * * economic damages from the defendants, one and all, conduct alleged herein." Based on those allegations, plaintiff asserted several claims for relief, one of which was brought pursuant to 42 USC section 1983. Defendants moved to dismiss plaintiff's complaint because he failed to allege timely tort claim notice and also because he failed to allege that he had suffered economic damages. The trial court agreed with defendants' first ground, dismissed plaintiff's' first supplemental complaint, and entered judgment in defendants' favor.

On appeal, plaintiff argues that his allegation that he had given tort claim notice pursuant to ORS 30.275 was sufficient to survive a motion to dismiss. Defendants concede error on that point. They acknowledge that no tort claim notice is required for section 1983 claims. *See Sanok v. Grimes*, 306 Or 259, 262, 760 P2d 228 (1988). Regarding plaintiff's remaining claims, defendants acknowledge that the sufficiency of plaintiff's tort claim notice should have been resolved in a summary judgment proceeding rather than on the basis of a Rule 21 motion to dismiss. Defendants contend, however, that the trial court's judgment may be affirmed on an alternative ground. They argue that "plaintiff had failed to plead any factual basis for his claim to economic damages." They reason that, "without establishing his entitlement to any kind of damages, plaintiff had failed to state a claim for recoverable damages and the complaint should be dismissed in its entirety on that basis." Plaintiff responds that his allegation of economic damages is sufficient to survive a motion to dismiss.

 We accept defendants' concession that plaintiff need not give tort claim notice for his section 1983 claim, as well as their concession that the sufficiency of his notice allegation should be tested by a motion for summary judgment rather than a motion to dismiss. We are not persuaded by defendants' argument that plaintiff's allegations of economic damages are insufficient. His complaint specifically alleges that he has suffered $50,000 in economic damages as a result of defendants' conduct. *See* ORCP 18 B; *McKenzie v. Pacific Health & Life Ins. Co.*, 118 Or App 377, 382, 847 P2d 879 (1993), *rev dismissed*, 318 Or 476 (1994) (specific amount of economic damages must be pleaded). It may be that defendants could have moved to make the allegations of economic damage more definite and certain, ORCP 21 D, or they could always move for summary judgment if discovery reveals that plaintiff has not suffered economic damages. *See Drake v. Mutual of Enumclaw Ins. Co.*, 167 Or App 475, 484, 1 P3d 1065 (2000). But plaintiff's allegations of economic damages are sufficient to survive a motion to dismiss for failure to state a claim.

Reversed and remanded.