Submitted April 1, 2011, affirmed January 5, 2012

Thom GAMBARO
and Joanne Denzer,
*Plaintiffs-Appellants,*

*v.*

OREGON DEPARTMENT OF JUSTICE;
Portland Fire & Rescue;
Portland Fire & Rescue Hazmat Response Team;
Multnomah County Health Department; Gary Oxman;
Oregon Public Health Division;
Michael Schaeffer; Schaeffer & Associates, Inc.;
AMEC Earth & Environmental; NRC Environmental;
Marine and Environmental Testing;
and Chemical Waste Management of the Northwest, Inc.,
*Defendants-Respondents,*

*and*

NRA ENVIRONMENTAL
and Refuge Removal Chemical Waste Management, Inc.,
*Defendants.*

Multnomah County Circuit Court
090506756; A143270

270 P3d 377

Thom Gambaro and Joanne Denzer filed the briefs *pro se*.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondents Oregon Public Health Division and Oregon Department of Justice.

Henry Lazenby, Jr., County Attorney for Multnomah County, Stephen L. Madkour, Assistant County Attorney, Stephanie E. Duvall, Assistant County Attorney, and Cindy Gaddis, Certified Law Student, filed the brief for respondents Multnomah County Health Department and Gary Oxman.

Franco A. Lucchin, Deputy City Attorney, filed the brief for respondents Portland Fire & Rescue and Portland Fire & Rescue Hazmat Response Team.

Robert E.L. Bonaparte and Shenker & Bonaparte, LLP, filed the brief for respondents AMEC Earth & Environmental and Marine and Environmental Testing.

Melissa J. Ward, Dan R. Schanz, and Spooner & Much, P. C., filed the brief for respondents Michael Schaeffer and Schaeffer & Associates, Inc.

Thomas W. McPherson and Mersereau Shannon, LLP, filed the brief for respondent Chemical Waste Management of the Northwest, Inc.

Daniel J. Nichols and Gordon & Rees LLP filed the brief for respondent NRC Environmental.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

.

## NAKAMOTO, J.

Plaintiffs appeal a judgment dismissing, with prejudice, their claims against all defendants.[1] The dispute arises from the disposal of plaintiffs' personal property during a clean-up of mercury contamination. Plaintiffs, who appeared *pro se*, asserted two labeled "claims for relief," one under 42 USC section 1983 (section 1983) and the other for declaratory relief, and a conversion claim. Defendants moved under ORCP 21 A to dismiss all claims that plaintiffs appeared to assert, and the trial court granted those motions. In our review of the granting of the motion to dismiss, we assume the truth of plaintiffs' allegations and any facts that might be adduced to prove them. *Mason v. Mt. St. Joseph, Inc.*, 226 Or App 392, 394, 203 P3d 329, *rev dismissed*, 347 Or 349 (2009). In doing so, we liberally construe the allegations and view all reasonable inferences from them in the light most favorable to plaintiffs, the nonmoving parties. *Simonsen v. Ford Motor Co.*, 196 Or App 460, 473, 102 P3d 710 (2004). Nevertheless, given the way in which plaintiffs present their appeal, we affirm the trial court's decision.

Plaintiffs filed numerous versions of their complaint. They filed their initial complaint on May 14, 2009. In June 2009, they filed their first amended complaint and alleged their "claims for relief" for the first time. The state, county, and city defendants and all but one of the nongovernmental defendants filed motions to dismiss that the trial court heard argument and ruled on in July 2009. Plaintiffs filed their second amended complaint the day of that hearing. One nongovernmental defendant, Chemical Waste, filed a motion to dismiss that the trial court heard argument on later, in September 2009. Plaintiffs' third amended complaint, filed in

---

[1] For ease of discussion, we refer to groups of defendants as follows. The "state defendants" are the Oregon Department of Justice and the Oregon Public Health Division—although, according to the Department of Justice, no such independent state agency as the "Oregon Public Health Division" actually exists. The "city defendants" are Portland Fire & Rescue and Portland Fire & Rescue Hazmat Response Team. The "county defendants" are Multnomah County Health Department and Gary Oxman. The "nongovernmental defendants" are Michael Schaeffer; Schaeffer and Associates, Inc.; NRC Environmental; AMEC Earth & Environmental; Marine and Environmental Testing; and Chemical Waste Management of the Northwest, Inc. (Chemical Waste).

August 2009, was captioned "Corrected Amended Complaint for Loss of Property."

Although defendants contend that we should consider only the first amended complaint, we consider both the first and the third amended complaints. Despite plaintiffs' failure to seek leave to file their later amended complaints, our review of the record indicates that the trial court apparently considered those amendments. In its judgment granting all of defendants' motions to dismiss, the trial court noted that it had reviewed four different sets of complaints and dismissed plaintiffs' first "Amended Complaint" and their Corrected Amended Complaint" with prejudice. We therefore assume, without deciding, that the court implicitly granted plaintiffs leave to file the third amended complaint. ORCP 23 A.[2] On appeal, we likewise consider that version of the complaint.

We take the following facts from the third amended complaint, which in relevant part differs from the first amended complaint by adding a prayer for relief for $430,000 in damages. On the evening of May 5, 2007, plaintiff Gambaro was conducting an experiment that resulted in "an accidental spontaneous combustion of a metal alloy composed of sodium, mercury and aluminum." Mercury smoke was released in a garage that plaintiffs were renting, and their property in the garage became contaminated with mercury. Plaintiffs' property was removed from the garage and placed in a refuse drop box that, on May 16, 2007, was buried in cement in a chemical treatment site before plaintiffs could recover it. Defendants played various roles in the removal and disposal of plaintiffs' property, although plaintiffs notified defendants that it was important for plaintiffs to be able to recover their property, and it was unnecessary for their property to be hauled away and buried in cement at that time. Their property included evidence for ongoing patent

---

[2] ORCP 23 A provides, in part:

"A pleading may be amended by a party once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

infringement litigation against Microsoft. Plaintiffs were injured as of "the date the private property was illegally seized and disposed of."

In their third amended complaint, plaintiffs asserted a "claim for relief" under 42 USC section 1983 for a violation of their rights under the Fourth Amendment, based on their loss of property, and their second labeled claim was for declaratory relief under ORS 30.260 to 30.300. They also stated elsewhere in the body of the complaint that there had been a "conversion" of their property and that some of the defendants had promised that plaintiffs' property would not be hauled away without an opportunity for plaintiffs to salvage what they needed. Plaintiffs sought damages of $430,000, an amount first specified in the third amended complaint.

On July 15, the trial court held a combined hearing on multiple defendants' pending motions. The court acknowledged confusion about the nature of the claims and stated that plaintiffs sometimes were "kind of talking as if there's a tort, but then your actual claims are this Fourth Amendment claim and this declaratory relief claim." When asked to clarify the claims, plaintiff Gambaro said that his claim was "conversion of property, loss of property" and that the property "was illegally seized." The court asked Gambaro, "But you understand, there's no federal constitutional claim that you can make against a private party? You don't understand that, do you?" Gambaro responded, "Apparently not." Gambaro did not, when asked, identify any declaratory relief that plaintiffs were seeking; instead, he stated that he wished to leave that up to the jury. After further discussion, the trial court made an oral ruling of dismissal:

"Mr. Gambaro, your complaint is incomprehensible. You haven't stated a claim for relief.

"If this is a tort claim you're barred by time limitations. With regard to the governmental agencies, you're barred by bringing a federal 1983 claim against the City, in any event.[3] You haven't stated facts supporting a Fourth

---

[3] The trial court misspoke regarding the governmental defendants that are not subject to a section 1983 claim. That basis for dismissal was asserted by the state defendants only. Indeed, immediately before the trial court made its oral ruling,

Amendment claim or even asking what you're asking the Court to do as far as declaratory relief. You haven't outlined the property that was damaged, or what amount you're seeking."

The trial court then entered an order dismissing plaintiffs' claims with prejudice, and later entered a similar order with respect to Chemical Waste's motion to dismiss. Ultimately, the trial court entered a judgment dismissing plaintiffs' claims against all defendants, from which plaintiffs appeal.

Plaintiffs first assign error to the dismissal of their complaint. They contend that the trial court dismissed on the basis that they had failed to identify their damages, but that they did properly plead damages. In a related assignment of error, plaintiffs contend that the trial court erred by denying them the opportunity to litigate their claims through a jury trial. They argue that they could have raised the question of whether a state agency had the right to order "the unlawful removal and destruction of private property that was promised verbally to be salvaged prior to * * * foreclosure of Petitioners Pro Se property."

We understand that plaintiffs asserted only declaratory relief, section 1983, and conversion claims in the trial court. Below, in arguing for dismissal, some defendants attempted to construe plaintiffs' pleadings liberally and identified other claims that they thought plaintiffs might be asserting, such as breach of contract, given plaintiffs' use of that term in the body of their complaint. Plaintiffs, however, did not acknowledge in the trial court that they in fact were pleading a breach of contract claim (or any other claims). Plaintiffs did not respond to those defendants' arguments that plaintiffs had failed to allege facts necessary to state a breach of contract claim. And when the trial court expressed its understanding that plaintiffs appeared to be asserting only (1) a section 1983 claim for an unlawful seizure under the Fourth Amendment and (2) a claim for declaratory

the state defendants reminded the court of that argument. Accordingly, we understand the trial court to have intended to grant the *state* defendants' motion to dismiss on the basis that those defendants are not "persons" subject to a section 1983 claim, a basis for dismissal that was not and could not be asserted by the city defendants. *Will v. Michigan Dept. of State Police*, 491 US 58, 109 S Ct 2304, 105 L Ed 2d 45 (1989).

relief—claims that were set out separately in the amended complaints with headings—plaintiffs gave no indication that they were asserting or wished to assert additional claims other than a conversion claim. On appeal, moreover, plaintiffs do not argue that the trial court erred by construing their complaints too narrowly to assert only the two denominated claims for relief and conversion, or that they should have been allowed to amend their complaint to assert other claims. We accordingly address plaintiffs' three claims in turn.

To the extent that plaintiffs assign error to the dismissal of their declaratory relief claim, they have never requested identifiable relief and do not otherwise state grounds for reversal. As for their conversion claim, plaintiffs appear to have abandoned it as well. They do not argue on appeal that the trial court improperly dismissed that claim, that they had stated a claim for relief, or that they timely brought that claim. Nor do plaintiffs argue that they should have been given another opportunity to amend their complaint to better state their claims. Because plaintiffs did not make any arguments at all in this court on the dismissal of their declaratory relief and conversion claims with no further opportunity for amendments, plaintiffs have presented us with no basis to reverse the trial court's dismissal of those claims, whatever their merits were in the trial court. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) (it is not this court's "proper function to make or develop a party's argument when that party has not endeavored to do so itself").

We turn to plaintiffs' section 1983 claim. Plaintiffs challenge one of the trial court's identified grounds for dismissal of their section 1983 claim, namely, their failure to allege that the property that had been damaged and the amount of damages sought. Plaintiffs had described the property and did, in their third amended complaint, include a demand for relief as required by ORCP 18 B. The trial court's decision on that ground was therefore incorrect, at least by the time the court apparently considered the allegations in the third amended complaint and entered its judgment dismissing that complaint with prejudice. But plaintiffs fail to recognize that "when a court's decision or ruling is premised

on alternative grounds, a party challenging that ruling generally must take issue with all independent and alternative grounds on which it is based to obtain relief." *Strawn v. Farmers Ins. Co.*, 350 Or 336, 366, 258 P3d 1199, *adh'd to on recons*, 350 Or 521, 256 P3d 100 (2011).

Here, plaintiffs do not challenge the alternative grounds for the trial court's ruling. As to the nongovernmental and state defendants, plaintiffs do not challenge the dismissal based on the failure of a section 1983 claim brought against such defendants and the failure to state facts sufficient to constitute a claim. Plaintiffs appropriately do not challenge the decision that they failed to state a section 1983 claim against the nongovernmental defendants, who were not state actors. *See Lugar v. Edmondson Oil Co.*, 457 US 922, 102 S Ct 2744, 73 L Ed 2d 482 (1982) (explaining requirement for state action in a section 1983 claim). Plaintiffs also could not have prevailed on a challenge to the trial court's dismissal of the claim as against the state defendants on the ground that they were not subject to claims under section 1983. *See Will v. Michigan Dept. of State Police*, 491 US 58, 71, 109 S Ct 2304, 105 L Ed 2d 45 (1989) (holding that a state, its agencies, and state officials acting in their official capacities are not "persons" for purposes of section 1983). The trial court did not err by dismissing the section 1983 claim as alleged against the state and nongovernmental defendants.

As for the city and county defendants, they sought dismissal of the section 1983 claim under ORCP 21 A(8) or (9) because it was untimely.[4] The applicable statute of limitations is two years. *See Wallace v. Kato*, 549 US 384, 387, 127 S Ct 1091, 166 L Ed 2d 1973 (2007) (holding that section 1983 adopts statute of limitations for personal injury torts under state law); ORS 12.110(1) (providing two-year limitations for personal injury torts). The trial court ruled that plaintiffs' tort claims were untimely.

---

[4] The city defendants argued in the trial court that plaintiffs' complaint established that city employees took no action after the incident on May 5, 2007, more than two years before plaintiffs commenced their action. The county defendants similarly argued in the trial court that plaintiffs commenced this action too late, more than two years after May 5, 2007. On appeal, both the city and county defendants argue that plaintiffs alleged a section 1983 claim only after more than two years had passed from the time the property was removed and destroyed.

Plaintiffs, though, have not argued on appeal that they timely asserted their section 1983 claim. Although plaintiffs argue in their reply brief that they complied with the Oregon Tort Claims Act by giving the governmental defendants notice within 180 days of their loss, plaintiffs' section 1983 claim does not require such notice. *Voth v. Smith*, 188 Or App 59, 61, 69 P3d 1274 (2003). Plaintiffs' argument has no bearing on the section 1983 statute of limitations issue.

Plaintiffs have never argued that their original complaint was sufficient or that claims such as their section 1983 claim asserted in their later complaints relate back to the date they filed the original complaint. *See* ORCP 23 C ("Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."). Plaintiffs have given us no argument at all on the statute of limitations issue. That deficiency is fatal to their appeal regarding their section 1983 claim.

Plaintiffs also assign error to the trial court clerk's failure to "declare[ ] a default judgment" against defendant Chemical Waste for failure to appear at the July 15 hearing on other defendants' motions to dismiss. Chemical Waste, however, was defending against plaintiffs' action and filed its ORCP 21 motion before plaintiffs filed their motion for an order of default. The trial court did not err by denying plaintiffs' motion. *See* ORCP 69 A(1) ("When a party against whom a judgment for affirmative relief is sought has been served with summons pursuant to Rule 7 or is otherwise subject to the jurisdiction of the court and has failed to plead or otherwise defend as provided in these rules, the party seeking affirmative relief may apply for an order of default."); *Morrow Co. Sch. Dist. v. Oreg. Land and Water Co.*, 78 Or App 296, 301-03, 716 P2d 766 (1986) (where the defendants filed motion to dismiss before trial court ruled on the plaintiff's motion for order of default, trial court erred by ordering entry of default).

Affirmed.