Mancel V. DAHL
and Barbara B. Dahl,
*Respondents,*

*v.*

Edward ST. JOHN
and Mercedes E. St. John,
husband and wife,
*Appellants.*

Edward ST. JOHN
and Mercedes E. St. John,
husband and wife,
*Third-Party Plaintiffs,*

*v.*

Jack SIMINGTON
and Simington Products Company,
*Third-Party Defendants.*

(93-00770 CV; CA A92582)

955 P2d 315

Douglas J. Richmond argued the cause and filed the brief for appellants. With him on the brief were Kellington, Krack, Richmond, Blackhurst & Sutton, LLP.

Mark Runnels argued the cause for respondents. With him on the brief were Lisette M. LeBourveau and Spencer, Runnels, MacArthur & Porras LLP.

Before Landau, Presiding Judge, and Leeson and Haselton, Judges.

LEESON, J.

**LEESON, J.**

Defendants appeal from a judgment awarding plaintiffs damages, assigning error to the award of all of plaintiffs' attorney fees incurred in connection with plaintiffs' claim for fraud. ORS 19.010 (1995); ORS 19.020 (1995). We affirm.

On May 11, 1994, plaintiffs filed an amended complaint for fraud, alleging that defendants misrepresented the condition of an engine in a 1954 motor home that defendants sold to plaintiffs. Plaintiffs sought compensatory and punitive damages. The trial court scheduled a settlement conference for July 25, but defendants failed to appear. In October, the court awarded plaintiffs $250 in attorney fees as a sanction for defendants' failure to appear at the conference. On February 14, 1995, plaintiffs served defendants with a request for production of documents under ORCP 43, asking for documents relating to defendants' financial condition. Defendants did not respond. On March 20, plaintiffs filed a motion for an order compelling discovery and for sanctions under ORCP 46. The court granted that motion orally on April 10, and ordered defendants to produce the requested documents by April 14. Defendants did not comply with that order, and, on April 18, plaintiffs filed a motion to impose sanctions for failure to make discovery and requested sanctions based on ORCP 46 B. Three days later, the trial court issued an order compelling defendants to produce the requested documents. Again, defendants did not obey the order. On May 17, the trial court ordered sanctions against defendants, including an award of plaintiffs' attorney fees in the amount of $2,134.50.

On August 16, plaintiffs filed a motion for a supplemental order imposing sanctions and for entry of judgment by default, because defendants failed to comply with the May 17 court order. At that time, plaintiffs also asked the court for "an order pursuant to ORCP 46 B(3) requiring the Defendants to pay Plaintiffs' additional attorney fees and expenses caused by Defendants' further failure to obey the Order of the Court re[garding] discovery." The trial court granted the motion for sanctions on August 25. The court also stated:

"I also am going to order that [defendants] pay attorney's fees.

"And I do find there was a *willful violation*. * * * But when I say attorney's fees, I mean *all attorney's fees*. This now becomes an attorney's fees case." (Emphasis supplied.)

On October 9, plaintiffs filed a motion for additional sanctions for defendants' failure to comply with the August 25 order. Three days later, defendants filed written objections to the proposed order awarding all attorney fees, arguing that the court had no authority to make such an award. On October 16, the trial court issued an order that stated, in part:

"Considering the nature of this case and the Defendants['] *wilful action in failing to abide by the orders of the court, the Plaintiffs are entitled to recover as additional sanctions, all attorneys fees actually incurred in enforcing their discovery rights and the court's order to compel* and in the event that the Plaintiffs are successful in being awarded a verdict in their favor on Plaintiffs['] claim, then in addition to other relief, as part of the costs awarded to Plaintiff[s], they shall be entitled to recover their additional attorneys fees in prosecuting their claim." (Emphasis supplied.)

A month later, on November 15, the trial court determined that the amount of attorney fees owing to plaintiffs because of defendants' failure to comply with the August 25 order was $2,500. On December 15, plaintiffs again moved for sanctions for defendants' continued failure to comply with discovery orders.[1]

Plaintiffs' case against defendants subsequently went to trial. On January 4, 1996, the jury awarded plaintiffs $9,534.09 in compensatory damages and nothing in punitive damages. On January 30, defendants filed objections to the court's declaration that if plaintiffs prevailed on their fraud claim at trial, they were entitled to all attorney fees. According to defendants, the court had no authority to make such an award. The court heard oral argument regarding attorney fees on February 12. At that hearing, defendants reiterated

---

[1] Although the trial court did not rule on plaintiffs' December 15 motion, the record indicates that defendants admitted at trial that they still had not produced all of the documents that plaintiffs had requested.

their contention that the court's authority to order sanctions in the case was

> "limited to attorney fees actually caused by the failure to produce or the failure to comply with discovery. And that's already been awarded. And to award anything more than that is to award something that isn't provided for by statute or rule."

The trial court responded:

> "[I]t's the Court's responsibility to fashion a remedy that the Court feels is of proper sanction short of totally dismissing the case, which is what they were asking for, is that I just strike your pleadings entirely and they win. * * * I felt that that was appropriate as it was maybe the second or third time the same issue had come before the Court, and I didn't know anything, any other way to get your clients' attention other than the sanction that I did impose."

On March 15, the court entered judgment on the verdict and awarded plaintiffs all of their attorney fees, in the amount of $12,098.

■     On appeal, the only question is whether the trial court erred in awarding plaintiffs all of their attorney fees. Defendants argue that, if a party fails to provide discovery, ORCP 46 B allows the court to order that party to pay reasonable expenses, including attorney fees, caused by the failure to comply with discovery orders. Because the trial court imposed sanctions in the form of attorney fees for the discovery violations, defendants contend, it lacked the authority to also award plaintiffs all of their attorney fees. Plaintiffs respond that ORS 20.105(1) authorizes the court to award the full amount of attorney fees incurred by plaintiffs in prosecuting the case, because the court found that defendants willfully failed to comply with court orders. According to plaintiffs, ORCP 46 B and ORS 20.105 give the trial court "a wide range of sanctions," and a court has authority to impose sanctions under both provisions "in conjunction with each other."

■     Whether attorney fees are authorized by statute is a question of law. ORS 20.220(1). Consequently, we review to determine whether the trial court had authority to award plaintiffs all of their attorney fees on its own motion. In this

case, the trial court believed that it had the authority to make the attorney fee award that it did, even though it did not identify the source of its statutory authority to do so. However, if statutory authority exists for the award, that is sufficient.

■    ORCP 46 B(3) provides:

"In lieu of any order listed in subsection (2) of this section or in addition thereto, the court shall require the party failing to obey the order or the attorney advising such party or both to pay the reasonable expenses, including attorney's fees, *caused by the failure*, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." (Emphasis supplied.)

The text of ORCP 46 B(3) authorizes the award only of attorney fees caused only by a party's failure to comply with discovery orders. *See also Gottenberg v. Westinghouse Electric Corp.*, 142 Or App 70, 79, 919 P2d 521 (1996) (ORCP 46 C does not contemplate awarding more than expenses incurred as a punitive sanction for the nonresponding party's actions). Defendants are correct that ORCP 46 B does not authorize the trial court to award plaintiffs all of their attorney fees in this case.

However, ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court *shall* award reasonable attorney fees to a party against whom a claim, *defense* or ground for appeal or review is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, *upon a finding by the court that the party willfully disobeyed a court order* or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."[2] (Emphasis supplied.)

---

[2] The statute's mandatory language was added by the legislature in 1995. Or Laws 1995, ch 618, § 2. The phrase, "acted in bad faith, wantonly or solely for oppressive reason," was changed to the current phrase, "that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal." *Id.*

ORS 20.105 is one of the legislative exceptions to the general rule that courts are not authorized to award attorney fees to the prevailing party unless a provision in a statute or contract authorizes such fees. *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990). By its plain terms, the statute requires the trial court to make an award of reasonable attorney fees in certain circumstances. The Supreme Court analyzed a former version of ORS 20.105(1) in the context of cases that involved the question of whether a party had "acted in bad faith, wantonly or solely for oppressive reasons." *Id*. This case involves application of the statute in a context in which the trial court finds that a party has "willfully disobeyed a court order." *Mattiza*'s "hierarchical analysis" of ORS 20.105 (1) is instructive.

■    The first inquiry is whether the party to whom attorney fees are to be awarded is the "prevailing party." *Id*. at 7. The "prevailing party" is "the party in whose favor final judgment or decree is rendered." ORS 20.096(5). In this case, plaintiffs brought a claim for fraud against defendants, seeking both compensatory and punitive damages.[3] The jury found for plaintiffs and awarded them $9,534.09 in compensatory damages, and the trial court entered judgment for plaintiffs in that amount.[4] Because plaintiffs received compensatory damages, they prevailed over defendants on their fraud claim.[5] *Marquam Investment Corp. v. Myers*, 35 Or App 23, 30, 581 P2d 545, *rev den* 284 Or 341 (1978).

---

[3] Ironically, defendants sought to recover attorney fees under ORS 20.105(1) in their answer, alleging that plaintiffs brought the fraud claim in bad faith. Obviously, the jury concluded that plaintiffs' claim against defendants was meritorious. Defendants also filed a third-party complaint against Simington Products Company alleging fraud. The third-party complaint was dismissed with prejudice.

[4] Defendants contend that plaintiffs are not a party against whom a defense was asserted. Defendants' assertion that they did not assert a defense against plaintiffs is without merit. In their answer, defendants denied plaintiffs' fraud allegations and asserted the affirmative defense of contributory fault, alleging that plaintiffs were negligent in failing to have the motor home inspected and tested before purchasing it. Defendants defended themselves in the pleadings they filed and in the numerous pretrial motions, hearings, and orders regarding discovery.

[5] Defendants argue that plaintiffs asserted two claims, one for fraud and one for punitive damages and that plaintiff did not prevail on their punitive damages claim. Defendants' reasoning is flawed. Regardless of the form of the complaint, plaintiffs had only one claim—fraud, on which they sought both compensatory and punitive damages. The jury determined that plaintiffs were not entitled to punitive damages. Plaintiffs nonetheless prevailed on their fraud claim.

The next inquiry is whether the party willfully disobeyed a court order. ORS 20.105(1) requires that the trial court make an explicit finding that the party willfully disobeyed a court order. *See Mattiza*, 311 Or at 10-11 (identifying the kinds of findings trial courts should make). In this case, the court found that there was "wilful action" on the part of defendants "in failing to abide by the orders of the court." The court also identified which of its many orders defendants had disobeyed. Although the trial court did not identify ORS 20.105(1) as the source of its authority, its findings satisfy the requirements of the statute. We conclude that the trial court, on its own motion, had authority under ORS 20.105(1) to award attorney fees to plaintiffs based on its finding that defendants willfully disobeyed its orders.

In so holding, we note that we are not holding that under ORS 20.105 *any* willful violation of a court order necessarily supports an award of the opposing party's attorney fees for the entire case. In this case, defendants repeatedly disobeyed court orders, the correctness of which defendants do not dispute. The court was within its discretion to make the award of attorney fees that it did under ORS 20.105. We also note that defendants do not challenge the reasonableness of the fees awarded. *See* ORS 20.105(1) (providing that the court shall award reasonable attorney fees upon a finding that a party willfully disobeyed a court order); *Frederickson v. Ditmore*, 132 Or App 330, 334, 888 P2d 108 (1995) (the issues of entitlement to attorney fees and reasonableness of amount of attorney fees are separate, and each must be preserved).

Affirmed.