■ ZIRMAK INVESTMENTS, L.P., Respondent, v EDWARD R. MILLER, Appellant. [736 NYS2d 421] —In an action, inter alia, to recover damages for breach of contract, the defendant appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered August 15, 2000, as denied his cross motion to dismiss the complaint, (2), as limited by his brief, from stated portions of an order of the same court, entered October 11, 2000, which, among other things, denied that branch of his motion which was for leave to reargue, and (3) from an order of the same court, entered November 4, 2000, which directed the parties to appear for a discovery conference.

Ordered that the appeal from the order entered November 4, 2000, is dismissed, as that order is not appealable as of right since it did not decide a motion made on notice (see, CPLR 5701 [a] [2]) and leave to appeal has not been granted; and it is further,

Ordered that the appeal from so much of the order entered October 11, 2000, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered August 15, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered October 11, 2000, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The plaintiff, a limited partnership, retained the defendant, an attorney who now resides in Florida, to provide legal services in connection with certain debt collection matters. In this action, the plaintiff seeks, inter alia, to recover damages for breach of the parties' agreement. Contrary to the defendant's contention, he is not entitled to dismissal of the complaint on the ground that there is another action pending between the parties for the same cause of action (see, CPLR 3211 [a] [4]).

The action filed by the defendant in Florida two months before the instant action is limited in scope, in that it seeks only to recover from the plaintiff fees allegedly earned by the defendant on a settlement reached with one debtor. The instant action, on the other hand, concerns the parties' agreement as a whole and alleges six causes of action sounding in, among other things, breach of contract, breach of fiduciary duty, conversion, and defamation, and seeks to recover, inter alia, proceeds allegedly due the plaintiff from the defendant's collection activities and damages for injury to the plaintiff's business reputation, as well as a declaration terminating the parties' contract. The two actions and the relief sought by them are not the same or substantially the same (see, Kent Dev. Co. v Liccione, 37 NY2d 899, 901). Consequently, the Supreme Court properly denied that branch of the defendant's cross motion which sought dismissal based on CPLR 3211 (a) (4).

The Supreme Court providently exercised its discretion in denying that branch of the defendant's cross motion which sought dismissal of the complaint on the ground of forum non conveniens (see, CPLR 327 [a]). The burden is on a defendant challenging the forum to demonstrate "relevant private or public interest factors which militate against accepting the litigation" (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479, cert denied 469 US 1108). Here, the defendant failed to demonstrate that New York is an inconvenient forum.

The defendant's remaining contentions are either improperly raised for the first time on appeal, not otherwise properly before this Court, or without merit. Altman, J.P., Feuerstein, O'Brien and H. Miller, JJ., concur.