CITY LINE AUTO MALL, INC., Appellant, v CITICORP LEAS-ING, INC., Respondent, et al., Defendants. [847 NYS2d 102]—

In an action, inter alia, to recover damages for conversion, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), entered August 14, 2006, which granted the motion of the defendant Citicorp Leasing, Inc., to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1), (2), (3), (4), and (7), and denied its cross motion for leave to enter a default judgment against that defendant on the issue of liability and for reargument and renewal of its prior cross motion for leave to enter a default judgment against that defendant, which had been determined in an order of the same court entered February 2, 2006.

Ordered that the appeal from so much of the order entered August 14, 2006, as denied that branch of the plaintiff's cross motion which was for reargument is dismissed, without costs or disbursements; and it is further,

Ordered that the order entered August 14, 2006 is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant Citicorp Leasing, Inc., which was to dismiss the cause of action alleging conversion insofar as asserted against it and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The plaintiff commenced this action, inter alia, to recover damages for conversion arising from the conduct of the defendants in the repossession and subsequent sale of a motor vehicle that had been in the plaintiff's possession. The plaintiff, a motor vehicle dealership, alleged that it had purchased that motor vehicle from its record owner, subject to a lien on the vehicle held by the defendant Citicorp Leasing, Inc. (hereinafter Citicorp). The vehicle was subsequently repossessed from the plaintiff's lot, and the plaintiff thereafter determined that the former owner had defaulted on his loan payments. In an effort to redeem the vehicle, the plaintiff paid Citicorp the past due amount of $1,462.59. The vehicle was not returned to the plaintiff, however, but was subsequently sold to another party.

The plaintiff commenced this action against Citicorp, among others, alleging, inter alia, that Citicorp's refusal to allow the plaintiff to redeem the vehicle amounted to conversion, that the repossession of the vehicle slandered and defamed the plaintiff's business reputation and was in violation of an automatic bankruptcy stay, and that the defendants engaged in unfair and improper debt collection practices. Citicorp moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a), and the plaintiff cross-moved to hold Citicorp in default and to renew and reargue its prior cross motion to hold Citicorp in default. The Supreme Court granted the motion and denied the cross motion. We modify.

The plaintiff's appeal from the denial of that branch of its cross motion which was for reargument of its prior cross motion must be dismissed, as no appeal lies from an order denying reargument (see Wilson v Wilson, 35 AD3d 595 [2006]; Schoenfeld v Shonfeld, 266 AD2d 449 [1999]).

The plaintiff's contentions in support of renewal are without merit. Further, Citicorp's explanation for its one-day delay in serving its motion to dismiss was not perfunctory. Rather,

Citicorp provided a detailed and credible explanation of law office failure which was sufficient to excuse its default (*see Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760, 761 [2006]).

The Supreme Court erred, however, in dismissing the complaint insofar as asserted against Citicorp pursuant to CPLR 3211 (a) (3), based upon the plaintiff's alleged lack of capacity to sue. Although the plaintiff corporation was dissolved in 2003 by proclamation for defaulting on its tax payments, Tax Law § 203-a (7) and (8) permit the retroactive nullification of a corporate dissolution upon payment of accrued tax arrears. Evidence submitted by the plaintiff established that it settled and resolved all tax liabilities, thus enabling its reinstatement to de jure corporate status, nunc pro tunc (*see Flushing Plaza Assoc. #2 v Albert*, 31 AD3d 494, 495 [2006]; *Lorisa Capital Corp. v Gallo*, 119 AD2d 99, 109-110, 113 [1986]).

Moreover, Citicorp was not entitled to dismissal of the action pursuant to CPLR 3211 (a) (4) on the ground that the present action was the subject of an action pending in the Civil Court. The causes of action and relief sought in this action are not "the same or substantially the same" as those of the pending Civil Court action in which the plaintiff sought a refund of the $1,462.59 payment it made to Citicorp to facilitate redemption of the vehicle (*Zirmak Invs. v Miller*, 290 AD2d 552, 553 [2002]; *see Resnick v Doukas*, 261 AD2d 375, 376 [1999]; *Marcus Dairy v Jacene Realty Corp.*, 193 AD2d 653 [1993]). The parties may, if they be so advised, move for removal of the Civil Court action to the Supreme Court, and consolidation with the instant action, to avoid the possibility of inconsistent results (*see* CPLR 602 [b]).

In addition, the Supreme Court improperly granted that branch of Citicorp's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the plaintiff's cause of action sounding in conversion arising, inter alia, from the defendants' failure to permit the plaintiff to redeem the vehicle. The certificate of title for the vehicle was issued in the name of the codefendant Ricardo Santana, who transferred the vehicle to the plaintiff. The certificate of title stated that one lien was recorded against the vehicle in the name of Citicorp. The plaintiff argues that Santana had a right to redeem the vehicle if it were repossessed (*see* General Obligations Law § 7-401 [2]) upon payment of past due amounts, and thus contends that when it acquired title from Santana it also acquired Santana's right to redeem.

Santana purchased the subject vehicle from Steel Wheels Auto Sales pursuant to a purchase agreement. The purchase agreement named the codefendant National Star Funding, Inc. (here-

inafter National Star), as the assignee of the agreement, and further stated that Santana agreed not to sell the vehicle or use it as collateral for another transaction. Citicorp contends that since Santana's purchase agreement prohibited him from selling the vehicle, the plaintiff could not have acquired an ownership interest in the vehicle. However, there is no evidence that the plaintiff was or should have been aware of the provisions of Santana's agreement with Steel Wheels Auto Sales and/or National Star. Citicorp's claim that the plaintiff was "obviously aware" of the prohibition against resale, and its claim that it did not possess the vehicle and therefore could do nothing to "facilitate" the redemption, present potential factual issues which should not be determined on a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (7).

However, the Supreme Court properly dismissed, pursuant to CPLR 3211 (a) (7), the plaintiff's cause of action to recover damages for an alleged violation of a bankruptcy stay. The provision of the bankruptcy code which creates this cause of action, 11 USC § 362 (k), recites: "(1) Except as provided in paragraph (2), *an individual* injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." (Emphasis supplied.) The United States Bankruptcy Court has exclusive jurisdiction over a claim for damages for violation of a bankruptcy stay (*see Eastern Equip. & Servs. Corp. v Factory Point Natl. Bank, Bennington*, 236 F3d 117 [2001]; *Marin v City of Utica*, 140 Fed Appx 304 [2005]). In any event, the statutory language of 11 USC § 362 (k) limits such a cause of action to damages incurred by an individual, not a corporation such as the plaintiff (*see Matter of Operation Open City, Inc., v New York State Dept. of State*, 148 BR 184 [1992], *affd* 170 BR 818 [1994]).

The Supreme Court also properly dismissed, pursuant to CPLR 3211 (a) (7), the plaintiff's causes of action sounding in unfair and improper debt collection practices, defamation, and slander (*see* CPLR 3016 [a]; *Kohler v Ford Motor Credit Co.*, 93 AD2d 205, 207 [1983]).

The plaintiff's remaining contentions are without merit. Goldstein, J.P., Skelos, Dillon and McCarthy, JJ., concur.