I. INTRODUCTION
This matter comes before the court on the motion for summary judgment of Defendant Michael J. Foote (taxpayer) and the Motion for Partial Summary Judgment of Plaintiff Department of Revenue (the department).
 II. FACTS
The parties have stipulated to the following facts for purposes of resolving these motions. Taxpayer appealed the department's income tax assessment and refund denial to the Magistrate Division of this court. On November 14, 2006, the Magistrate Division issued a decision in taxpayer's favor on the income tax issue. On December 7, 2006, taxpayer filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of California. On January 11, 2007, the department appealed the Magistrate Division decision by filing a complaint in this division. The department's filing acknowledged that a bankruptcy proceeding was pending.
On February 9, 2007, taxpayer notified this court of the bankruptcy proceeding, and this court notified both parties by letter dated February 20, 2007, that the case would be put into abeyance pending the resolution of the bankruptcy proceeding. In that letter, the court requested that taxpayer's counsel for the proceeding in this court notify the court when the stay was lifted.[1] *Page 407 
On June 14, 2007, the bankruptcy court mailed notice to the department that the stay had been lifted. The department logged receipt of that notice on its system on June 21, 2007. On July 13, 2007, taxpayer notified the court that the stay had been lifted. The legal counsel for the department received that notice on July 17, 2007, and the department refiled its complaint on August 13, 2007. Taxpayer answered and filed a motion for summary judgment. The department filed a motion for partial summary judgment.
 III. ISSUES (1) Did the department timely file its complaint?
 (2) Is taxpayer entitled to an award of attorney fees?
 IV. ANALYSIS
1. Taxpayer asserts that the department's January 11, 2007, complaint in this matter is void by reason of federal bankruptcy statutes and that the department's August 13, 2007, complaint is time-barred under federal and Oregon law. In addition, taxpayer requests attorney fees for violation by the department of the automatic stay imposed by federal bankruptcy law. The department asserts that its initial complaint is not void, and, even if it was, that the second complaint was timely filed, and that taxpayer is not entitled to attorney fees.
A. Timeliness of the department's complaint
Section 362(a) of the United States Bankruptcy Code (11 USC) provides as follows:
 "* * * a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of —
 "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title * * *." *Page 408 
Taxpayer filed his petition under section 302. Actions that are taken after the automatic stay goes into effect are void.Schwartz v. United States, 954 F2d 569, 571 (9th Cir 1992). See also Cam and Cam, 216 Or App 358,174 P3d 1018 (2007). Accordingly, the department's January 11, 2007, complaint is void and did not commence the action against taxpayer.
2, 3. The Bankruptcy Code ameliorates what could be adverse effects of the stay by providing that:
 "if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of —
 "(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
 "(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim."
11 USC § 108(c). Here, the time for filing a complaint under Oregon law, ORS 305.501(5)(a), [2] expired while the automatic stay was still in effect, therefore, the department had until 30 days after receipt of notice of the termination of the stay in which to file its complaint.[3] The department does not dispute that receipt of the notice of the termination was logged on its system on June 21, 2007. The department, therefore, had until July 21, 2007, to file a complaint in this matter. The department filed its complaint on August 13, 2007, well beyond the statutorily prescribed deadline.
The department argues that its January 11, 2007, complaint was timely filed, asserting that the court's *Page 409 
February 20, 2007, letter operated to allow the court to deem the department's January 11, 2007, complaint filed on July 13, 2007 — the date the court received notice from taxpayer that the stay had been lifted — because its complaint was a "protective appeal" that acknowledged the bankruptcy and stay. The department also argues that its August 13, 2007, complaint was timely filed, asserting that the court's February 20, 2007, letter stayed the 30-day period from commencing until its counsel received notice that the stay was lifted, which occurred on July 13, 2007.
4. The department appears to be suggesting that this court can override federal law by a routine case management device issued in response to taxpayer's notification that there was an automatic stay in effect. The department seeks to relieve itself of its own duty to police the bankruptcy proceeding by reason of the court's case management letter. The purpose of the letter was to request that taxpayer, as a courtesy, notify the court when the stay was lifted so that the court could effectively manage its docket in compliance with governing law. The letter does not, nor could it, operate to extend deadlines provided by a concededly valid and applicable federal statute.
The department also argues that, apart from the court's letter, if the initial complaint was void and, therefore, no case was extant, the court could neither have put the case in abeyance nor taken it out of abeyance after the stay was lifted.[4] The department then reasons that the case must have existed, and, in order for a case to exist, a timely complaint had to have been filed, and, therefore, one of its complaints must have been timely filed. The court disagrees. Governing federal law renders the initial filing void. No inference or argument based on what this court did or did not do can change that legal reality. Accordingly, the department's appeal was not timely filed under federal and Oregon law.
B. Attorney fees
Taxpayer requests an award of attorney fees pursuant to11 USC § 362(k), which allows an award of attorney *Page 410 
fees for willful violation of the automatic stay, alleging that, because the department filed its complaint with the knowledge of the bankruptcy, it willfully violated the automatic stay. In the alternative, taxpayer requests attorney fees under ORS 20.105(1) for disobeying a court order, or ORS305.490(3).
5. The court is of the view that it would not be appropriate to award attorney fees under 11 USC § 362. The court notes that taxpayer could have raised the violation in bankruptcy court. In addition, other states have declined to address claims for violations of the automatic stay. See City Line AutoMall, Inc. v. Citicorp Leasing, Inc., 45 AD3d 717,847 NYS2d 102, 106 (2007) ("The United States Bankruptcy Court has exclusive jurisdiction over a claim for damages for violation of a bankruptcy stay."). That is consistent with Eastern Equip. Servs Corp. v. Factory Point Nat'l Bank, 236 F3d 117,121 (2001), which held that "[a]ny relief for a violation of the stay must be sought in the Bankruptcy Court" after noting that the bankruptcy code provides its own comprehensive set of "penalties and protections to govern the orderly conduct of debtors' affairs and creditors' rights." Id. at 120.
6. The court also concludes that an award of fees under ORS20.105 would be inappropriate. Mattiza v. Foster,311 Or 1, 10-11 (1990), requires that a court awarding attorney fees under ORS 20.105(1) make specific findings as to the order or orders violated. The court is not of the view that an automatic stay in another proceeding before a different court in a different jurisdiction is the type of order contemplated by ORS20.105. See generally Dahl v. St. John, 152 Or App 748,955 P2d 315 (1998) (upholding trial court's award of attorney fees for repeated violations of that court's orders when trial court made findings identifying which of its orders had been disobeyed).
Finally, taxpayer asks for an award of attorney fees pursuant to ORS 305.490(3), which provides that the court may award attorney fees
 "[i]f, in any proceeding before the tax court judge involving taxes upon or measured by net income in which an individual taxpayer is a party, * * * the court grants a refund *Page 411 
claimed by the * * * taxpayer or denies in part or wholly an additional assessment of taxes claimed by the Department of Revenue to be due from the * * * taxpayer."
A claim for attorney fees under ORS 305.490(3) must be examined in light of "the factors listed in ORS 20.075." Dept. ofRev. v. Wheeler I, 18 OTR 129, 137 (2004) (citingPreble v. Dept. of Rev., 331 Or 599, 602, 19 P3d 335
(2001)). ORS 20.075(1) provides, in part, as follows:
 "A court shall consider the following factors in determining whether to award attorney fees in any case in which attorney fees are authorized by statute and in which the court has discretion to decide whether to award attorney fees:
 "* * * * *
 "(b) The objective reasonableness of the claims and defenses asserted by the parties.
 "* * * * *
 "(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
 "(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings."
7. ORS 305.490 provides the court discretionary authority to award fees in certain matters. Typically the court has awarded fees under that statute in cases where, as here, the taxpayer was successful in the Magistrate Division and the department has unsuccessfully appealed on substantially the same legal theory in the Regular Division. Wheeler, 18 OTR at 138. That observation is supported by the fact that ORS 305.490 allows a taxpayer to recover fees and costs incurred in the Magistrate Division as well as the Regular Division after a successful Regular Division appeal. Here, the bankruptcy and automatic stay created a very different case than that in the Magistrate Division, and there was not an opportunity for either side to advance legal arguments in the underlying tax matter. In addition, a remedy for violation of the stay was available in the bankruptcy court. Accordingly, an award of attorney fees pursuant to ORS 305.490(3) is not *Page 412 
appropriate here. Acting in violation of the automatic stay rendered the department's first complaint void and had the further effect of resolving this matter in favor of taxpayer. Any further remedy for violation of the automatic stay must be sought in the bankruptcy court.
 V. CONCLUSION
The automatic stay operated to render the department's January 11, 2007, complaint void, and the August 13, 2007, complaint was not brought within the time allotted by 11 USC § 108(c). Accordingly, the appeal is time-barred and must be dismissed. In addition, the court declines to award attorney fees under11 USC § 362(k), ORS 20.105(1), or ORS 305.490(3). Now, therefore,
IT IS ORDERED that Defendant's Motion for Summary Judgment as to the timeliness of Plaintiffs complaint is granted;
IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment as to an award of attorney fees is denied;
IT IS FURTHER ORDERED that Plaintiffs Motion for Partial Summary Judgment is denied.
[1] Taxpayer had separate counsel in southern California for the bankruptcy proceeding.
[2] All references to the Oregon Revised Statutes (ORS) are to the 2005 edition.
[3] The department has not identified or claimed the benefit of any Oregon statute extending the period for filing in a case such as this.
[4] Indeed, the court notes that it could not have ordered anyone to do anything, by letter or any other method, if there was no case before it. *Page 413