Brach v Schwartz (2023 NY Slip Op 02100)

Brach v Schwartz

2023 NY Slip Op 02100

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-00994
 (Index No. 713506/19)

[*1]Jack Brach, etc., et al., respondents, 
v
Martin Schwartz, et al., appellants.

Jason J. Smith, New York, NY, for appellants.
Morrison Cohen, LLP, New York, NY (Y. David Scharf, Latisha V. Thompson, and Joaquin Ezcurra of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for breach of fiduciary duty, for injunctive relief, and for an accounting, the defendants appeal from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), dated December 9, 2019. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(4) to dismiss the causes of action to recover damages for breach of fiduciary duty and for a permanent injunction, and to dismiss the complaint on the ground that the plaintiffs had perpetrated a fraud upon the court.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action in the Supreme Court, Queens County, for an accounting of the books and records of certain entities of which the defendant Martin Schwartz served as trustee, manager, or general partner, to recover damages for breach of fiduciary duty by Schwartz, and for a permanent injunction. The defendants moved pursuant to CPLR 3211(a)(4) to dismiss the complaint, noting that proceedings for an accounting of the books and records of the subject entities were pending in the Surrogate's Court, Queens County. The defendants also argued that the complaint should be dismissed on the ground that the plaintiffs had perpetrated a fraud upon the court, as they had misrepresented that Schwartz had refused to provide financial information for the subject entities. The Supreme Court granted that branch of the defendants' motion which was to dismiss the cause of action for an accounting, and denied those branches of the motion which were to dismiss the causes of action to recover damages for breach of fiduciary duty and for a permanent injunction, and to dismiss the complaint on the ground that the plaintiffs had perpetrated a fraud upon the court. The defendants appeal from so much of the order as denied those branches of their motion which were to dismiss the causes of action to recover damages for breach of fiduciary duty and for a permanent injunction, and to dismiss the complaint on the ground that the plaintiffs had perpetrated a fraud upon the court.
CPLR 3211(a)(4) provides that a party may move for judgment dismissing one or more causes of action asserted against that party on the ground that there is another action pending between the same parties for the same cause of action in a court of any state or the United States. The court need not dismiss upon this ground but may make such order as justice requires. A court has broad discretion in determining whether an action should be dismissed based upon another [*2]pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same (see Mazzei v Kyriacou, 139 AD3d 823, 824; DAIJ, Inc. v Roth, 85 AD3d 959, 959).
Here, although the accounting proceedings commenced in Surrogate's Court arose out of the same subject matter or series of alleged wrongs as in this action, the nature of the relief sought in the causes of action to recover damages for breach of fiduciary duty and for a permanent injunction is not the same or substantially the same as the relief sought in the accounting proceedings (see Kent Dev. Co. v Liccione, 37 NY2d 899, 901; City Line Auto Mall, Inc. v Citicorp Leasing, Inc., 45 AD3d 717, 719; Zirmak Invs. v Miller, 290 AD2d 552, 553; Boyer v New York Prop. Ins. Underwriting Assn., 120 AD2d 363, 363). Accordingly, the Supreme Court properly denied those branches of the defendants' motion which were to dismiss the causes of action to recover damages for breach of fiduciary duty and for a permanent injunction.
The defendants' contention that the complaint should have been dismissed because the plaintiffs committed a fraud upon the court is without merit. "Essentially, fraud upon the court requires a showing that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense" (CDR Créances S.A.S. v Cohen, 23 NY3d 307, 321 [internal quotation marks omitted]). Here, the defendants failed to establish by clear and convincing evidence that the plaintiffs "acted knowingly in an attempt to hinder the [factfinder's] fair adjudication of the case and [the defendants'] defense of the action" (CDR Créances S.A.S. v Cohen, 23 NY3d at 320 [internal quotation marks omitted]; see Bhim v Platz, 207 AD3d 511, 513; JNG Constr., Ltd. v Roussopoulos, 170 AD3d 1136, 1141).
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court