Trinidad v All Faiths Cemetery
2026 NY Slip Op 03997
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Juan Trinidad, et al., respondents,
v
All Faiths Cemetery, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2025-02123, (Index No. 701212/24)
Colleen D. Duffy, J.P.
Paul Wooten
Laurence L. Love
Phillip Hom, JJ.

Philips Nizer LLP, New York, NY (Michael S. Fischman and Judith L. Swartz of counsel), for appellant.
Mark A. Cuthbertson, Huntington, NY (Matthew DeLuca of counsel), for respondents.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for gross negligence, the defendant appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered January 15, 2025. The order, insofar as appealed from, denied the defendant's motion pursuant to CPLR 3211(a)(4) to dismiss the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In January 2024, the plaintiffs commenced this action, inter alia, to recover damages for gross negligence against the defendant, All Faiths Cemetery (hereinafter the Cemetery). The plaintiffs alleged, among other things, that the Cemetery unlawfully disinterred the remains of the plaintiffs' father (hereinafter the decedent) and reinterred them in an adjacent grave at the request of one of the decedent's children, who had not notified the plaintiffs or obtained their consent to do so. Thereafter, the Cemetery moved pursuant to CPLR 3211(a)(4) to dismiss the amended complaint, arguing that the action was barred due to a pending proceeding commenced in July 2022 (hereinafter the 2022 proceeding) by the plaintiffs against, among others, the Cemetery, pursuant to N-PCL 1510(e), inter alia, to direct the return of the decedent's remains to their original grave. In an order entered January 15, 2025, the Supreme Court, among other things, denied the Cemetery's motion. The Cemetery appeals.
"'Pursuant to CPLR 3211(a)(4), a court has broad discretion in determining whether an action should be dismissed based upon another pending action where there is a substantial identity of the parties, the two actions are sufficiently similar, and the relief sought is substantially the same'" (Busiello v Whelan, 240 AD3d 736, 737, quoting DAIJ, Inc. v Roth, 85 AD3d 959, 959; see Brach v Schwartz, 215 AD3d 913, 914). "'It is not necessary that the precise legal theories presented in the first action also be presented in the second action [so] long as the relief . . . is the same or substantially the same'" (St. Paul Fire & Mar. Ins. Co. v Getty Props. Co., 228 AD3d 971, 973, quoting JPMorgan Chase Bank, N.A. v Luxama, 172 AD3d 1341, 1341; see Feldman v Harari, 183 AD3d 629, 631).
Here, while there was a substantial identity of the parties, and this action and the 2022 [*2]proceeding arose from the same alleged wrong, this action and the 2022 proceeding were not sufficiently similar to warrant dismissal pursuant to CPLR 3211(a)(4), and the relief sought was not the same or substantially the same (see Busiello v Whelan, 240 AD3d at 737; Matter of Hirsch v Beda, 226 AD3d 899, 900). Thus, the Supreme Court providently exercised its discretion in denying the defendant's motion pursuant to CPLR 3211(a)(4) to dismiss the amended complaint.
The plaintiffs' remaining contention is not properly before this Court.
DUFFY, J.P., WOOTEN, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court