Argued December 20, 1978, reversed January 29, 1979

GROSS-HAENTJENS, *Respondent,*

*v.*

LECKENBY, *Defendant,*

and

THARP et al, *Appellants.*

(TC 49267, CA 10652)

589 P2d 1209

Darst B. Atherly, of Thwing, Atherly & Butler, Eugene, argued the cause and filed a brief for appellants.

J. Britton Conroy, of Ringo, Walton & Eves, P.C., Corvallis, argued the cause for respondent.

Before Schwab, Chief Judge, and Richardson and Joseph, Judges, and Tongue, Judge Pro Tempore.

TONGUE, J., Pro Tempore.

**TONGUE, J.,** Pro Tempore.

This is an action for personal injuries sustained in an automobile accident. Plaintiff's complaint names as defendants both the driver of the car with which plaintiff's car collided at an intersection and also the dealer from whom plaintiff purchased her car. The complaint alleges that the driver of the other car was negligent in its operation. The complaint also alleges three causes of action against the dealer: (1) that the dealer was negligent in inspection and repair of the brakes of the car and in failing to warn plaintiff of its dangerous condition; (2) that the dealer represented and warranted that the car had good brakes and that, if not, it would inspect and repair them, and (3) that the dealer violated ORS 646.608 et seq. (the Oregon Unlawful Trade Practices Act—UTPA) in representing that the car "had good brakes when in fact it did not" and that the brakes would be checked and repaired by it if necessary, "when in fact the brakes were not checked and were not repaired."

The case was tried before a jury, which returned a verdict in favor of the driver of the other car and also in favor of the dealer on plaintiff's causes of action for negligence and breach of warranty. The jury did, however, find in favor of the plaintiff and against the dealer in the sum of $19,833 on plaintiff's cause of action for violation of the UTPA.[1] Defendant dealer appeals from the resulting judgment, which also included an award of $4,600 as attorney fees under the UTPA.

The dealer contends that the trial court erred in submitting to the jury plaintiff's claim that the dealer violated the UTPA, contending that the "private remedy" conferred upon consumers by the UTPA "was

---

[1] On the cause of action for negligence the jury found that the dealer was 40 percent negligent and that plaintiff was 60 percent negligent. The jury also returned a verdict on the counterclaim by defendant driver against plaintiff in the sum of $4,000 and judgment was entered against plaintiff in that amount.

[ 315 ]

not intended to create a new cause of action for personal injury." We agree.

Oregon enacted its first statute on "consumer fraud" in 1965. That statute prohibited 15 "deceptive trade practices," including various false representations, and authorized district attorneys to bring suits for injunctive relief.[2] That statute was amended in 1967.[3] Despite those amendments, that statute was regarded as "weak and ineffective."[4]

In 1971 that statute was replaced with an amended version of the Federal Trade Commission's proposed Unfair Trade Practices and Consumer Protection Law, which had been recommended by the Council of State Governments and enacted in some form in approximately 25 states.[5] The focus of that statute was to define and prohibit various types of unfair or deceptive practices in trade or commerce.[6] To make its enforcement more effective, that statute authorized the Attorney General to enforce its provisions by seeking civil penalties as well as injunctive relief,[7] and established a Consumer Protection Division of the Department of Justice to "carry out" those functions.[8] That statute also included the following "private enforcement" provision:

"Any person who * * * suffers any ascertainable loss of money or property, real or personal, as a result of the wilful use or employment by another person of a method, act or practice declared unlawful by * * * [ORS 646.608], may bring an individual action in an appropri-

[2] Or Laws 1965, ch 490, §§ 3 and 4.

[3] Or Laws 1967, chs 144 and 599.

[4] *See* Mooney, *The Attorney General as Counsel for the Consumer: The Oregon Experience,* 54 Or L Rev 117, 119 (1975).

[5] *See* Mooney, supra n.4, at 199-20.

[6] *See* Or Laws 1971, ch 744, § 7, and ORS 646.608(1)(a) to (u). *See also* Mooney, supra n.4, at 120-22.

[7] Or Laws 1971, ch 744, §§ 5 (5) (ORS 646.605(5)), § 17(3) (ORS 646.642(3)), and § 11 (ORS 646.632).

[8] Or Laws 1971, ch 744, § 25.

[ 316 ]

ate court to recover actual damages or $200, whichever is greater. * * *."[9]

An early House version of the 1971 Act (HB 1088) was drafted by a committee headed by Lee Johnson, Oregon's Attorney General in 1971. Mr. Johnson's testimony in support of that bill included the following written statement:

> "The most serious defect with the present law is the lack of adequate enforcement provisions both from the standpoint of legal remedies and an appropriate enforcing agency. Under the present law, enforcement is the exclusive responsibility of the district attorney. The committee concluded there should be established within the Attorney General's office a consumer protection division. The committee also concluded that private individuals who are aggrieved by the deceptive trade practice should have some way of attaining restitution."[10]

■ It is to be noted that this "private enforcement" provision (ORS 646.638), although providing for the recovery of "actual damages," confers the right to bring such an action upon a person who "suffers any ascertainable loss of money or property, real or personal." This is consistent with its purpose to provide for "restitution," i.e., restitution for economic loss suffered by a consumer as the result of a deceptive trade practice.

Plaintiff has not called our attention to anything in the legislative history of ORS 646.638 to support his contention to the effect that by the adoption of that provision the legislature intended to confer upon private individuals a new cause of action for personal injuries, including punitive damages and attorney fees. Neither has plaintiff cited any decisions to that effect by the courts of any of the many other states which have adopted similar statutes.

---

[9] Or Laws 1971, ch 744, § 13, ORS 646.638.

[10] Minutes of House Committee on Judiciary, February 10, 1971, pp 3-4 of attached exhibit "Consumer Protection Act Proposal." *See also* exhibit file of House Committee on Judiciary re HB 1088 (1971).

This is not a case in which a plaintiff with no remedy or an inadequate remedy asks this court to recognize a new common law cause of action or to imply a new civil cause of action from a duty imposed by a criminal statute. (*Cf. Brown v. Transcon Lines,* — Or ——, — P2d —— (decided December 27, 1978).) Persons suffering personal injuries as the result of defective goods, including defective brakes on automobiles, already have remedies against the manufacturers and sellers of such goods in causes of action for negligence, breach of warranty and "strict liability." Such remedies do not limit recovery to cases involving "ascertainable loss of money or property," and include, among other things, recovery for pain and suffering.

For these reasons we hold that ORS 646.638 of the Oregon Unlawful Trade Practices Act was not intended by the legislature to create such a new cause of action for personal injuries and that the trial court erred in its holding to the contrary.[11]

Judgment reversed.

---

[11] In view of the basis on which we decide this case it is not necessary to consider defendants' further contentions, including contentions that the trial court also erred in instructing the jury that contributory negligence is not a defense in an action under UTPA for damages for personal injuries (over defendants' objection that the jury should have been instructed that comparative negligence or fault is applicable in such cases) and that attorney fees may not be allowed as an element of costs in such actions, but that plaintiff must plead and prove the amount of attorney fees.