Argued and submitted July 17, affirmed October 15, 2003

Jack L. MANTIA,
*Respondent,*

*v.*

Darrel HANSON,
dba Darrel's Economy Mufflers,
*Appellant.*

Darrel HANSON,
dba Darrel's Economy Mufflers,
*Third-Party Plaintiff,*

*v.*

BAILEY, PINNEY & ASSOCIATES, LLC,
*Third-Party Defendant.*

99-12-13064; A115433

77 P3d 1143

Montgomery W. Cobb argued the cause for appellant. With him on the briefs were Sonia A. Montalbano and Cobb, Bosse & Montalbano, LLP.

Jacqueline L. Koch argued the cause for respondent. With her on the brief were Koch & Deering, J. Dana Pinney, and Bailey, Pinney & Associates.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Linder, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals, raising ten assignments of error. We reject, without further discussion, assignments of error three through ten. The two remaining assignments of error challenge the trial court's denial of defendant's petition for attorney fees that were incurred in obtaining the dismissal of plaintiff's claims for retaliatory discharge under ORS 654.062(5) and intentional infliction of emotional distress (IIED). As amplified below, we conclude that (1) ORS 654.062(5) does not confer an entitlement to "prevailing party" attorney fees; and (2) defendant cannot recover fees under ORS 20.105(1) as to either claim because defendant was not "a prevailing party in the proceeding" within the meaning of that statute. Accordingly, we affirm.

For purposes of our review of the two remaining assignments, the material facts are uncontroverted. Plaintiff was employed for several years at defendant's muffler shop. The employment relationship ended acrimoniously, and, in December 1999, plaintiff brought this action, alleging several claims, including claims under state and federal wage statutes, "unlawful discrimination"/retaliatory discharge under ORS 654.062(5)(a), and IIED. With respect to the statutory retaliatory discharge claim, plaintiff alleged that, when he complained to defendant about allegedly unsafe conditions in the workplace and later told defendant that he was going to report those conditions to the Oregon Occupational Safety and Health Division, defendant responded by reducing plaintiff's job responsibilities and pay and then, later, discharging plaintiff in retaliation. Plaintiff sought attorney fees on that claim "pursuant to ORS 654.062."

Defendant answered and, *inter alia,* asserted counterclaims for defamation and intentional interference with business relations. In addition, defendant alleged that it was entitled to attorney fees under ORS 659.121 and ORS 20.105 because there was no objectively reasonable basis for plaintiff's claims.[1]

---

[1] Defendant also asserted a third-party claim against plaintiff's attorney for intentional interference with economic relations. The trial court's disposition of that claim and of related requests for attorney fees under ORS 20.105 and an

Before trial, the court dismissed defendant's counterclaims and granted plaintiff's motion for summary judgment on one of his state wage claims, pertaining to unauthorized deduction of wages, and awarded damages on that claim. At trial, after the presentation of plaintiff's case, the court granted defendant's motion for a partial directed verdict against plaintiff's claims for retaliatory discharge under ORS 654.062(5)(a) and IIED. Thereafter, the jury determined that defendant had failed to pay plaintiff accrued vacation pay, and the court determined that defendant had violated the overtime provisions of 29 USC section 207, and awarded liquidated damages for that violation.

Both parties filed post-trial petitions for attorney fees. Plaintiff asserted that he was entitled to fees both under ORS 652.200(2), as a prevailing party on the state wage claims, and under ORS 20.105(1), because defendant's counterclaims had no objectively reasonable basis. The court agreed and awarded plaintiff attorney fees of $50,000.

Defendant's fee petition was based both on the dismissal of plaintiff's retaliatory discharge claim under ORS 654.062(5)(a) and on the dismissal of plaintiff's IIED claim. With respect to the retaliatory discharge claim, defendant asserted that (1) ORS 654.062(5)(b) and ORS 659.121 (1999)[2] conferred a "prevailing party" fee entitlement; or (2) alternatively, under ORS 20.105(1), there was "no objectively reasonable basis" for plaintiff's claim. With respect to plaintiff's IIED claim, defendant relied solely on ORS 20.105(1). The trial court denied defendant's petition, stating, without elaboration, "Defendant was not the prevailing party."

■ On appeal, defendant's first assignment of error challenges the denial of attorney fees for the defense of the statutory retaliatory discharge claim, and the second assignment pertains to the denial of fees on the IIED claim. We

_____

enhanced prevailing party fee under ORS 20.190(3) are being challenged in a separate appeal. *Hanson v. Bailey, Pinney & Associates* (A112282).

[2] After the trial of this case, the legislature repealed ORS 659.121 (1999) and enacted an amended version of the former statute that is now codified at ORS 659A.885. Or Laws 2001, ch 621, § 90; Or Laws 2001, ch 621, § 15. The differences between the former and current versions of the statute are immaterial to our analysis.

begin with ORS 654.062(5). That statute reads, in part, as follows:

"(a) It is an unlawful employment practice for any person to bar or discharge from employment or otherwise discriminate against any employee or prospective employee because such employee has opposed any practice forbidden by ORS 654.001 to 654.295 and 654.750 to 654.780, made any complaint or instituted or caused to be instituted any proceeding under or related to ORS 654.001 to 654.295 and 654.750 to 654.780, or has testified or is about to testify in any such proceeding, or because of the exercise of such employee on behalf of the employee or others of any right afforded by ORS 654.001 to 654.295 and 654.750 to 654.780.

"(b) Any employee or prospective employee who believes that the employee has been barred or discharged from employment or otherwise discriminated against in compensation, or in terms, conditions or privileges of employment, by any person in violation of this subsection may, within 30 days after the employee has reasonable cause to believe that such a violation has occurred, file a complaint with the Commissioner of the Bureau of Labor and Industries alleging such discrimination under the provisions of ORS 659A.820. Upon receipt of such complaint the commissioner shall process the complaint and case under the procedures, policies and remedies established by ORS chapter 659A and the policies established by ORS 654.001 to 654.295 and 654.750 to 654.780 in the same way and to the same extent that the complaint would be processed by the commissioner if the complaint involved allegations of unlawful employment practices based upon race, religion, color, national origin, sex or age under ORS 659A.030(1)(f). *The affected employee shall also have the right to bring a suit in any circuit court of the State of Oregon against any person alleged to have violated this subsection.* The commissioner or *the circuit court may order all appropriate relief including rehiring or reinstatement of the employee to the employee's former position with back pay.*"

(Emphasis added.)

Defendant contends, in part, that ORS 654.062(5)(b) must be read in conjunction with ORS 659.121 (1999), and that, in combination, the two permit the party who prevails

on a claim under ORS 654.062(5) to recover reasonable attorney fees. Defendant is mistaken.

ORS 659.121 (1999), provides, in part:

"(1)   Any person claiming to be aggrieved by an unlawful employment practice prohibited by ORS 25.424, 399.235, 659.030, 659.035, 659.227, 659.270, 659.295, 659.330, 659.340 or 659.400 to 659.494 may file a civil suit in circuit court for injunctive relief and the court may order such other equitable relief as may be appropriate, including but not limited to reinstatement or the hiring of employees with or without back pay. * * * In any suit brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal.

"(2)   Any person claiming to be aggrieved by alleged violations of ORS 659.033(1) or (3), 659.295, 659.400 to 659.449 or 659.550 may file a civil action in circuit court to recover compensatory damages or $200, whichever is greater, and punitive damages. In addition, the court may award relief authorized under subsection (1) of this section and such equitable relief as it considers appropriate. * * * In any action brought under this subsection, the court may allow the prevailing party costs and reasonable attorney fees[.] * * *"

Although ORS 659.121(1) and (2) (1999) cross-referenced myriad statutes, including the "whistle-blowing" provisions of ORS 659.550 (1999),[3] they did not refer to ORS 654.062.[4] Conversely, ORS 654.062(5) did not refer to ORS 659.121 (1999)—and does not refer to ORS 659A.885. Although ORS

---

[3] ORS 659.550 (1999) was repealed and reenacted as ORS 659A.230. Or Laws 2001, ch 621, § 63. That statute prohibits an employer from, *inter alia*, retaliating against an employee who

"has in good faith reported criminal activity by any person, has in good faith caused a complainant's information or complaint to be filed against any person, has in good faith cooperated with any law enforcement agency conducting a criminal investigation, has in good faith brought a civil proceeding against an employer or has testified in good faith at a civil proceeding or criminal trial."

ORS 659A.230(1). Here, as noted, plaintiff's complaint alleged only that plaintiff was discriminated against, and ultimately discharged, because he complained to defendant about allegedly unsafe work conditions and threatened to complain to Oregon occupational safety authorities about those conditions. Those allegations did not fall within the purview of ORS 659.550(1) (1999).

[4] Like their predecessors, ORS 659A.885(1) and (2) do not refer to ORS 654.062.

654.062(5) has always referred to other provisions of ORS chapter 659 (now codified in ORS chapter 659A), those references pertain solely to "the procedures, policies and remedies" for proceedings before the Commissioner of the Bureau of Labor and Industries. ORS 654.062(5)(b). In sum, ORS 659.121 (1999) did not authorize recovery of prevailing party attorney fees for claims under ORS 654.062(5)(b).

Thus, if defendant is to recover attorney fees for prevailing on plaintiff's claim under ORS 654.062(5), any such entitlement must arise from that statute alone. We return, then, to the pertinent text of ORS 654.062(5)(b):

> "The affected employee shall also have the right to bring a suit in any circuit court of the State of Oregon against any person alleged to have violated this subsection. * * * [T]he circuit court may order all appropriate relief including rehiring or reinstatement of the employee to the employee's former position with back pay."

The statute does not refer to attorney fees. Even more significantly—putting aside the provocative question of whether "all appropriate relief" could encompass an award of attorney fees to a *plaintiff*—nothing in the statutory text purports to confer any "prevailing party" fee entitlement with respect to *defendants*. Rather, the statute is framed solely in terms of the relief that a plaintiff may obtain for violation of the statute.

We note, further, that, while Oregon law requires reciprocal entitlement to contractual attorney fees, *see* ORS 20.096, there is no such general requirement of reciprocity with respect to *statutory* attorney fees. Rather, statutes that confer a reciprocal "prevailing party" fee entitlement do so explicitly. *See, e.g.,* ORS 646.641(2) (authorizing prevailing party attorney fee award in action for unlawful debt collection practices); ORS 650.020(3) (providing for award of attorney fees to "prevailing party" in action for deceptive franchise marketing practices); ORS 653.055(4) (authorizing prevailing party award of attorney fees on claim for nonpayment of minimum wage); ORS 659A.885(1) (authorizing award of attorney fees to "prevailing party" in actions involving specified antidiscrimination statutes). Again, ORS 654.062(5) does not include such language.

Bluntly: When the legislature wants to provide for the recovery of prevailing party attorney fees, including in employment discrimination contexts, it knows how to do so explicitly. It did not so provide in ORS 654.062(5). We thus conclude that defendant has no entitlement to attorney fees under ORS 654.062(5).

■ Defendant contends, alternatively, that he is entitled to his attorney fees incurred in defending plaintiff's retaliatory discharge claim because there was "no objectively reasonable basis for that claim." ORS 20.105(1).[5] As noted, the trial court denied fees under ORS 20.105 on the ground that defendant was not "a prevailing party in the proceeding" and, consequently, never addressed whether there was any objectively reasonable basis for the retaliatory discharge claim.

Thus, on appeal, the dispositive question is whether a defendant who defeats a claim, but who is not the prevailing party in the action as a whole, can nevertheless recover fees under ORS 20.105(1) by demonstrating that the defeated claim was not objectively reasonable. Conversely: Can a plaintiff who prevails in the action as a whole nevertheless be liable for its adversary's attorney fees incurred in obtaining the dismissal of a groundless claim?[6]

Again, we start with the statutory text. ORS 20.105(1) provides:

"In any civil action, suit or other proceeding in a circuit court or the Oregon Tax Court, or in any civil appeal to or review by the Court of Appeals or Supreme Court, the court shall award reasonable attorney fees to a party against whom a claim, defense or ground for appeal or review is

---

[5] Defendant did not invoke ORS 20.107. That statute provides, in part, that, in actions involving claims of "unlawful discrimination," a defendant who "prevails in the action," may recover attorney fees if the court determines that "the plaintiff had no objectively reasonable basis for asserting a claim * * *." ORS 20.107(1). Because "unlawful discrimination" is statutorily defined as "discrimination based upon personal characteristics," ORS 20.107(4), that statute would not apply to the circumstances alleged in plaintiff's retaliatory discharge claim.

[6] Plaintiff does not argue, as an alternative grounds for affirmance, that there was an objectively reasonable basis in law and fact for his wrongful discharge claim.

asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

Several aspects of the statutory text and design are striking. *First*, as applicable here, to recover fees a party must satisfy two conjunctive conditions: (1) the party must be "a prevailing party in the proceeding"; and (2) the party must demonstrate that there was no "objectively reasonable basis" for the adversary's claim or defense. Obviously, the legislature could have drafted a statute without any reference to "a prevailing party in the proceeding"—that is, the statute could simply have stated that any party who asserts a groundless claim, defense, or ground for appeal is liable for its adversary's related attorney fees, regardless of who ultimately prevails in the proceeding. But it did not.

*Second*, unlike other statutes, which themselves define "prevailing party," ORS 20.105 includes no definition of "prevailing party." *See, e.g.*, ORS 90.255 (defining "prevailing party" for purposes of actions under the Residential Landlord and Tenant Act as "the party in whose favor final judgment is rendered").

*Third*, ORS 20.105 refers to "*a*" prevailing party in the proceeding, not "*the*" prevailing party. The use of the indefinite article contemplates that there could be more than one prevailing party in the *proceeding*. That, in turn, *might* refer to either of two circumstances: (1) multiple coplaintiffs or codefendants prevail in the proceeding as a whole; or (2) different parties prevail on different claims *within* multiple-claim proceedings—*e.g.*, a defendant defeats some, but not all, of a plaintiff's claims. However, as we discuss immediately below, the second of those constructions is not internally plausible.

We proceed from the necessary premise that the language "a prevailing party in the proceeding" is not superfluous or gratuitous. *See* ORS 174.010 (in construing statutes, court is "not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or

particulars such construction is, if possible, to be adopted as will give effect to all"); *see also Mattiza v. Foster*, 311 Or 1, 7, 803 P2d 723 (1990) (identifying and addressing "prevailing party" language as imposing a distinct condition for recovery of fees pursuant to ORS 20.105). As noted, if the legislature intended ORS 20.105(1) to operate simply on a claim-by-claim or defense-by-defense basis, it could easily have forgone any reference to "the proceeding," but it did not do so. That language must be given effect.

If, as defendant contends, defeating even a single claim renders a defendant "a prevailing party in the proceeding," then the statutory reference to "the proceeding" has no independent significance. Any time a defendant demonstrates that a claim has no objectively reasonable basis, the defendant will necessarily defeat that claim—and, consequently (under defendant's reasoning), become "a prevailing party in the proceeding." The circularity is patent: Satisfaction of the statute's first, "no objectively reasonable basis for asserting the claim" requirement would, necessarily and concurrently, satisfy the second, "prevailing party in the proceeding" requirement. The latter would, effectively, collapse into the former and become meaningless.

That circularity is avoided by construing "a prevailing party in the proceeding" for purposes of ORS 20.105(1) as meaning prevailing in the proceeding *generally*—and not merely succeeding on a particular claim. That construction plausibly reconciles and dignifies the entire text. Further, nothing in the statutory context subverts or contradicts that construction.

To the extent that any uncertainty remains, resort to legislative history is decisive. As described in *Mattiza*, ORS 20.105(1) was originally enacted as the product of a conference committee amendment to House Bill (HB) 2364 (1983). *Mattiza*, 311 Or at 5-6. The impetus for the amendment appears to be that a predecessor bill, House Bill (HB) 3012 (1983), had been "tabled" in the Senate Judiciary Committee in the closing days of the 1983 session. *Id.* Senator Jim Gardner, a member of the Senate Judiciary Committee, subsequently acted as the chairman of the conference committee

for HB 2364, an unrelated measure—and it was in that context that the subject matter of the "then-defunct"[7] HB 3012 was "revived" through amendment of HB 2364. *See* Minutes, House Committee on Judiciary, Conference Committee on HB 2364, July 15, 1983, Ex A.

Given that posture, the discussion of HB 3012 in the Senate Judiciary Committee is most enlightening. As passed by the House, HB 3012 stated, in part:

> "In any civil action, suit or other proceeding * * * the court may, in its discretion, award reasonable attorney fees appropriate in the circumstances to a party against whom a claim, defense or ground for appeal or review is asserted, *whether that party is a prevailing party in the proceeding or not*, and to be paid by the party asserting the claim, defense or ground, upon a finding by the court that the claim, defense or ground is sham or frivolous."

(Emphasis added.)

The Senate Judiciary Committee focused on the emphasized language. Terry Rogers, a representative of the Multnomah County Legal Aid Service, argued that the fee entitlement should be narrowed and "qualified to make it clear that a party against whom any relief is awarded by the court may not use this section to recover attorney fees against the party in favor of whom any relief is afforded." Testimony, Senate Committee on Judiciary, HB 3012, June 30, 1983, Ex B (statement of Terry Rogers). Consequently, Rogers proposed that the bill be amended to read, "A court may not award fees under this section against a party who has prevailed against the party seeking fees in the action or suit, or appeal or review, on any claim, defense or ground." *Id.*

A representative of the Attorney General's office, John Reuling, testified in support of the bill. Gardner and Reuling discussed whether, hypothetically, under the House-approved version, a plaintiff who asserted both meritorious claims and a "sham" claim in a multiclaim tort suit could be liable for attorney fees even if the plaintiff recovered damages and, thus, prevailed in the action generally. Tape

---

[7] *Mattiza*, 311 Or at 6.

Recording, Senate Committee on Judiciary, HB 3012, June 30, 1983, Tape 239, Side B. When Reuling replied affirmatively, Gardner commented that that did not comport with his understanding of the law, under which attorney fees could be awarded as sanctions only if the movant had prevailed in the case as a whole. *Id.* Consequently, at Gardner's instance, the committee amended the bill to delete "whether that party is a prevailing party in the proceeding or not" and to insert, in its place, "if that party is a prevailing party in the proceeding." *Id.* That amendment passed without objection. *Id.*

As noted, HB 3012 was subsequently "tabled," but its substance—and particularly the critical "if that party is a prevailing party in the proceeding" language—reemerged two weeks later in the conference committee for HB 2364. Minutes, House Committee on Judiciary, Conference Committee on HB 2364, July 15, 1983, Ex A (proposed amendments to B-Engrossed HB 2364). Gardner explained that the language was acceptable both to the Attorney General's office and to Legal Aid's representatives. Tape Recording, House Committee on Judiciary, Conference Committee, HB 2364, July 15, 1983, Tape 557, Side A. Representative Hardy Myers moved the adoption of the amendments, and they passed unanimously. *Id.*

The foregoing shows that the critical statutory language evolved—indeed, underwent a 180-degree change—from authorizing the imposition of attorney fees as sanctions "whether [the movant] is a prevailing party in the proceeding or not" to authorizing such fees only "if [the movant] is a prevailing party in the proceeding." The intent of the amendment, as evinced by Gardner's comments, was unmistakable: Only a party who has prevailed in the action generally can recover attorney fees under ORS 20.105(1).

Here, it is uncontroverted that, although defendant did defeat several of plaintiff's claims, plaintiff prevailed in the proceeding generally by obtaining a substantial monetary recovery. Consequently, regardless of the objective reasonableness of plaintiff's retaliatory discharge claim, the trial court did not err in denying defendant's request for fees under ORS 20.105(1).

Defendant's second assignment of error challenges the trial court's denial of defendant's request for attorney fees relating to the IIED claim. The trial court properly denied that request, which was based solely on ORS 20.105(1), for the reasons stated above. *See* 190 Or App at 44-48.

Affirmed.