Submitted January 26, reversed and remanded October 3, 2012

Gene HORTON,
*Plaintiff-Appellant,*
*v.*
John H. NELSON;
Linda A. Nelson;
Bob Kennedy;
Nelson Equipment Corporation,
dba Tractor Connection;
Tractor House,
*Defendants,*
*and*
John S. NELSON
and Linda J. Nelson,
*Defendants-Respondents.*

Linn County Circuit Court
090527; A146817

288 P3d 967

Donald A. Bick filed the briefs for appellant.

Keri Trask Lazarus and Churchill Leonard Lawyers filed the brief for respondents.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

## NAKAMOTO, J.

Plaintiff appeals a limited judgment dismissing plaintiff's claims against defendants John and Linda Nelson.[1] Plaintiff brought a claim for common-law fraud and violation of Oregon's Unlawful Trade Practices Act (UTPA) against Nelson Equipment Corporation (the company); defendants, as the owners of the company; and Kennedy, an employee of the company. Defendants moved under ORCP 21 A to dismiss and under ORCP 21 E to strike plaintiff's claims against defendants and moved for attorney fees as sanctions under ORCP 17 or ORS 20.105. The trial court dismissed plaintiff's claims and granted the motion for sanctions under ORS 20.105. Because the trial court erred by dismissing plaintiff's claims and awarding attorney fees to defendants, we reverse and remand.

When reviewing the trial court's granting of a motion to dismiss, we assume the truth of plaintiff's allegations and any facts that might be adduced to prove them. *Gambaro v. Dept. of Justice*, 247 Or App 609, 612, 270 P3d 377 (2012). We liberally construe the allegations and view all reasonable inferences in the light most favorable to plaintiff, the nonmoving party. *Id.*

The following facts are taken from the fourth amended complaint. Defendants were officers of the company, which operated under its own name, as well as the names "The Tractor House" or "The Tractor Connection." Kennedy was an employee of the company. Defendants and Kennedy set up the company to induce buyers to send money to the company in exchange for tractors that the company advertised on an Internet website. The website portraying The Tractor Connection showed the company "as a major tractor supply business with large grounds, a large warehouse, [and] multiple new tractors of various kinds in stock" and gave "the false impression that it was a large successful tractor dealer." When a buyer sent money to the company for a tractor, defendants and Kennedy would withdraw the money from the company for their own

---

[1] Defendants John and Linda Nelson are the only parties that responded to plaintiff's complaint and are the only defendants on appeal. Unless we note otherwise, references to defendants refer only to the Nelsons.

personal use. Defendants, Kennedy, and the company never ordered the tractors from the manufacturer when a buyer placed an order.

Plaintiff is a Texas resident. After seeing the company's Internet advertisement, plaintiff called the company to inquire about purchasing a tractor. He spoke to Kennedy, who told him that the company required a $200 deposit to order the tractor. Plaintiff paid $200 to the company. A few days later, Kennedy called plaintiff to tell him that the company needed $4,745.45 "right away as part of the delivery process." Despite receiving plaintiff's money, the company did not order the tractor. Almost two months later, Kennedy called plaintiff again, requesting that plaintiff pay $5,044.55 to "release" the tractor to plaintiff. The company still had not ordered the tractor. Plaintiff called the company several times and spoke to Kennedy, who in a variety of different stories blamed the tractor manufacturer for the delivery delay. Kennedy made the statements "with the knowledge and consent of the other Defendants" and as part of the common intent to deceive plaintiff. Plaintiff then called the manufacturer directly and discovered that defendants had not ordered his tractor and that Kennedy's excuses about the delay were untrue. Defendant John Nelson contacted plaintiff in his capacity as president of the company; admitted that the company had no tractors, despite the website indicating that the tractor was "in stock," and that there were others who were owed money; and told plaintiff that the company was dissolving and had adopted a plan of liquidation. It is unclear whether the company filed for bankruptcy. Plaintiff neither received the tractor nor a refund.

Plaintiff filed an action against defendants, Kennedy, and the company. Kennedy and the company were not served, and only defendants appeared in court. Following plaintiff's third amended complaint, the court ordered plaintiff to strike his request for punitive damages. Shortly thereafter, plaintiff filed a fourth amended complaint, alleging two claims, one for common-law fraud and the other for violations of the UTPA. The fourth amended complaint included a demand for punitive damages, in violation of the court's order. Defendants filed motions to make more definite and certain

under ORCP 21 D, a motion to strike the punitive damages request, and motions to dismiss or to strike the fraud and UTPA violation claims under ORCP 21 A(8), for failure to allege facts sufficient to state a claim, or ORCP 21 E, for alleging claims against defendants that "are not separately stated." In addition, defendants filed motions for sanctions and an award of attorney fees under ORCP 17 or ORS 20.105.

In a letter opinion, the court granted defendants' motions to dismiss or to strike plaintiff's claims. The court noted that, in each of plaintiff's three previous complaints, "[p]laintiff made claims against the several defendants which were not separately stated and which did [not] reasonably provide notice as to which defendants were alleged to have done what." The court also stated that it had previously ruled that the complaints be made more definite and certain and that plaintiff correct those and other defects, but "[p]laintiff again failed to comply with the previous Court Orders in that respect." The court discussed which orders plaintiff did not follow. Specifically, the court stated that it "unequivocally ruled that Plaintiff was not permitted to plead entitlement to punitive damages without first following the protocol set forth in ORS 31.725. Plaintiff apparently disagrees with that ruling and has again included a claim for punitive damages." After granting defendants' motions to dismiss or to strike the claims, the court explained its ruling granting defendants' motion for sanctions under ORS 20.105. The court found that plaintiff "willfully disobeyed the previous Order(s) of the Court, and, with respect [to] the claim for punitive damages, that there was no objectively reasonable basis for asserting that claim without having first obtained leave of the court pursuant to ORS 31.725."

Defendants submitted a proposed order, proposed judgment, and statement of fees and costs. Plaintiff filed an objection to the proposed order and judgment. Ultimately, the trial court entered an order and a limited judgment dismissing plaintiff's claims against defendants and awarding defendants $2,500 in attorney fees and $733 in costs.

On appeal, plaintiff raises three assignments of error. In his first and second assignments of error, plaintiff contends that the trial court erred by dismissing his fraud claim and his UTPA violation claim. In his third assignment

of error, plaintiff argues that the court erred in awarding attorney fees as sanctions. In response, defendants argue that plaintiff's fraud claim fails because defendants did not make any false statements and plaintiff did not allege that he relied on those statements. As to the UTPA claim, defendants contend that plaintiff failed to allege sufficient facts to support such a claim. Defendants also assert that the court properly awarded attorney fees under ORS 20.105 because plaintiff willfully disobeyed a court order. We discuss each assignment of error in turn.

We begin with plaintiff's fraud claim. Whether a complaint fails to state a claim is a question of law. *Hansen v. Anderson*, 113 Or App 216, 218, 831 P2d 717 (1992). The Oregon Supreme Court recently outlined the essential elements of a common-law fraud claim: (1) the defendant made a material misrepresentation that was false; (2) the defendant knew that the representation was false; (3) the defendant intended the plaintiff to rely on the misrepresentation; (4) the plaintiff justifiably relied on the misrepresentation; and (5) the plaintiff was damaged as a result of that reliance. *Strawn v. Farmers Ins. Co.*, 350 Or 336, 352, 258 P3d 1199, *adh'd to on recons*, 350 Or 521, 256 P3d 100 (2011), *cert den*, ___ US ___, 132 S Ct 1142, 181 L Ed 2d 1017 (2012).

The parties appear to agree that plaintiff stated a common-law fraud claim against both Kennedy and the company. Kennedy, acting as the company's agent, made material misrepresentations by claiming that the company needed money from plaintiff to order the tractor. Plaintiff alleged that Kennedy knew that the statements were false and that the company never ordered the tractor. Kennedy and the company intended plaintiff to rely on those statements to induce plaintiff to pay the company. The complaint also states that plaintiff justifiably relied on those statements because he sent the money to the company and was unaware of the falsity of Kennedy's statements. Finally, plaintiff neither received the tractor nor a refund, so he was damaged as a result of his reliance on Kennedy's statements in the amount of his payments, which totaled $9,900. Thus, there can be no dispute that plaintiff stated a fraud claim against Kennedy and the company.

Defendants primarily argue that the fraud claim fails against them because the fourth amended complaint does not contain an allegation that either John or Linda Nelson made any false representations that plaintiff relied upon or was damaged by. Instead, in his fourth amended complaint, plaintiff alleges that Kennedy or the company defrauded plaintiff. In response, plaintiff notes that he alleged that defendants, the company, and Kennedy, as part of a conspiracy, engaged in a common plan or design to defraud plaintiff. Plaintiff remonstrates that, when multiple tortfeasors are involved in a common plan or design, the actions of one tortfeasor (Kennedy or the company) create liability for all of the tortfeasors. We agree with plaintiff.

Generally, Oregon recognizes joint tort liability for multiple tortfeasors who act in concert with one another or who have a common plan or design. *Granewich v. Harding*, 329 Or 47, 53, 985 P2d 788 (1999). In *Granewich*, a minority shareholder in a corporation brought an action against the corporation, the majority shareholder, and the corporation's attorney for breach of fiduciary duty. The specific issue for the court was whether the attorney could be held jointly liable for his actions in assisting the majority shareholders in "squeezing out" the minority shareholder. The court analyzed section 876 of the *Restatement (Second) of Torts* (1979), which describes three ways that a person acting in concert may be liable jointly for another's tortious conduct:

"'For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he

"'(a) does a tortious act in concert with the other or pursuant to a common design with him, or

"'(b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or

"'(c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.'"

*Granewich*, 329 Or at 53-54 (quoting *Restatement (Second) of Torts* § 876 (1979)). The court concluded that "persons

acting in concert may be liable jointly for one another's torts under any one of the three theories identified in *Restatement* section 876." *Id.* at 55. Accordingly, plaintiff's fraud claim can succeed if he alleges that defendants engaged in a tortious act in concert with or pursuant to a common design with Kennedy and the company.

Here, plaintiff alleged in the first paragraph of his fourth amended complaint a theory of liability permitted under *Granewich* and section 876(a) of the *Restatement*:

> "At all times relevant hereto said Defendants were acting together in pursuance of a common intent and in concert with each other as part of a common design and as a tortious conspiracy between all Defendants to obtain money from people, including Plaintiff, by inducing them to pay money to said Defendants by the use of the artifices hereinafter alleged."

Plaintiff alleged that all defendants, including Linda and John Nelson, acted together to use the company to induce purported customers to pay money to the company for tractors that defendants "neither ordered nor delivered" and that each of the defendants "had no intention to order or deliver" any tractors. Plaintiff alleged that all of the defendants set up the website to give the appearance of "a large and successful company dealing in new tractors" to induce payments from purported customers. In addition, Kennedy made various false statements to plaintiff as part of the common plan to defraud him and with defendants' knowledge and consent. Meanwhile, defendants and Kennedy would withdraw monies that the purported customers sent to the company for defendants' and Kennedy's personal use directly, or else siphon off monies through payments to two Oregon companies: Mommy, Inc., controlled by defendants, and Kennedy Equipment Services, Inc., which Kennedy controlled. As mentioned with respect to the allegations applicable to Kennedy and the company, plaintiff also alleged the elements of justifiable reliance and damages. Based on those allegations, plaintiff has alleged sufficient facts to state a claim against defendants for fraud based on joint liability for Kennedy's and the company's tortious conduct in furthering their common plan to defraud plaintiff

and other consumers. Therefore, we conclude that the trial court erred in dismissing plaintiff's fraud claim.

We turn to plaintiff's UTPA violation claim. The UTPA makes it unlawful for a person to engage in business practices declared unlawful by ORS 646.607 or ORS 646.608. Plaintiff alleges that defendants, while engaging in a common plan with Kennedy and the company, violated both statutes by inducing plaintiff to purchase a tractor that defendants never intended to deliver.

The trial court properly dismissed the portion of plaintiff's claim containing the allegation that defendants violated ORS 646.607, because only the state can prosecute trade practices declared unlawful by ORS 646.607.[2] When the UTPA was first enacted in 1971, the statute authorized the Attorney General to enforce its provisions by seeking civil penalties and injunctive relief. *Gross-Haentsjens v. Tharp*, 38 Or App 313, 316, 589 P2d 1209 (1979). The UTPA also includes a private enforcement provision, ORS 646.638(1), which allows individuals to enforce UTPA violations. *Gross-Haentjens*, 38 Or App at 316-17. However, that enforcement right does not include the right to bring an action for every UTPA violation:

> "[A]ny person who suffers any ascertainable loss or money or property, real or personal, as a result of willful use or employment by another person of a method, act or *practice declared unlawful by ORS 646.608*, may bring an individual action in an appropriate court to recover actual damages or statutory damages of $200, whichever is greater."

ORS 646.638(1) (emphasis added). By its terms, ORS 646.638(1) provides a private right of action for violations of ORS 646.608 only. The statute does not create a private

---

[2] In part, ORS 646.607 provides:

"A person engages in an unlawful practice when in the course of the person's business, vocation or occupation the person:

"(1) Employs any unconscionable tactic in connection with the sale, rental or other disposition of real estate, goods or services, or collection or enforcement of an obligation.

"(2) Fails to deliver all or any portion of real estate, goods or services as promised, and upon request of the customer, fails to refund any money that has been received from the customer that was for the purchase of the undelivered real estate, goods or services and that is not retained by the seller * * *."

right of action for violations of ORS 646.607. Instead, those violations are prosecuted by the state. ORS 646.632(1) ("[A] prosecuting attorney who has probable cause to believe that a person is engaging in * * * an unlawful trade practice may bring suit in the name of the State of Oregon * * * to restrain [a] person from engaging in the alleged unlawful trade practice."). Accordingly, plaintiff's claims for violations of ORS 646.607 were properly dismissed.

In addition to the allegations of violations under ORS 646.607, plaintiff alleged that defendants violated three subsections under ORS 646.608 by (1) failing to deliver goods within a certain period of time, ORS 646.608(1)(q); (2) engaging in unconscionable tactics and unfair trade practices, ORS 646.608(1)(u); and (3) advertising goods with the intent not to provide them as advertised. ORS 646.608(1)(i). We discuss each violation in turn.

Plaintiff has not alleged sufficient facts to establish that defendants violated ORS 646.608(1)(q), which provides that a person engages in unlawful business practices when he "[p]romises to deliver real estate, goods or services *within a certain period of time* with intent not to deliver them as promised." (Emphasis added.) Thus, to violate ORS 646.608(1)(q), a person must promise to deliver a good *within a certain period of time*. Here, plaintiff alleges that defendants, through Kennedy, promised to deliver the tractor, despite having no intent to do so. There was no allegation that defendants or Kennedy promised to deliver the tractor within a specific period of time. Accordingly, plaintiff's claim under ORS 646.608(1)(q) was properly dismissed.

Plaintiff also alleges that defendants violated ORS 646.608(1)(u), which makes it unlawful for a person to "[e]ngage[ ] in any other unfair or deceptive conduct in trade or commerce." For a person's conduct to constitute an unfair trade practice, there must be an administrative rule prohibiting that specific conduct. "An action or suit may not be brought under subsection (1)(u) of [ORS 646.608] unless the Attorney General has first established a rule * * * declaring the conduct to be unfair or deceptive in trade or commerce." ORS 646.608(4). The Attorney General has promulgated rules in OAR 137, division 20, declaring certain

trade practices unlawful. Plaintiff does not specify under which administrative rule defendants' conduct constitutes an unfair trade practice, and defendants do not specify how plaintiff failed to state a claim under any of the provisions in OAR 137-020-0020(3) declaring certain practices to be unfair or deceptive. Given plaintiff's failure to develop his argument, we decline to address it. *See Cunningham v. Thompson*, 188 Or App 289, 297 n 2, 71 P3d 110 (2003), *rev den*, 337 Or 327 (2004) ("Ordinarily, the appellate courts of this state will decline to address an undeveloped argument."). Therefore, we will not disturb the trial court's dismissal of plaintiff's allegations that defendants committed an unfair trade practice under ORS 646.608(1)(u).

In contrast, plaintiff has alleged sufficient facts to support his claim that defendants violated ORS 646.608(1)(i). That statute creates liability for a person who "[a]dvertises real estate, goods or services with intent not to provide them as advertised, or with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity." Plaintiff alleged that defendants advertised tractors on the Internet and alleged that Kennedy induced plaintiff into paying money to the company. The complaint included the Internet advertisement, which contained no limitation on quantity. Defendants instead led plaintiff to believe that the tractor was in stock. Plaintiff also alleged that the company never ordered the tractor. Based on those facts, plaintiff has alleged sufficient facts to bring a UTPA claim under ORS 646.608(1)(i) against defendants. Thus, the trial court erred in dismissing plaintiff's UTPA claim under ORS 646.608(1)(i).

Finally, we turn to plaintiff's third assignment of error concerning the court's award of attorney fees under ORS 20.105.[3] We review an award or denial of attorney fees under ORS 20.105 for abuse of discretion. ORS 20.075(3). In part, ORS 20.105 provides:

---

[3] Defendants filed their motion for sanctions under ORCP 17 as well, but the court's letter opinion, order, and judgment did not contain any reference to ORCP 17. Accordingly, we infer that the trial court granted attorney fees only under ORS 20.105.

> "(1) In any civil action * * * the court shall award reasonable attorney fees to a party against whom a claim * * * is asserted, if that party is a prevailing party in the proceeding and to be paid by the party asserting the claim * * * upon a finding by the court that the party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim[.]"

Thus, whether the court can award reasonable attorney fees under ORS 20.105 involves a two-step inquiry. First, the party that is being awarded the attorney fees must be a prevailing party in the proceeding; second, the court must find either that the other party willfully disobeyed a court order or that there was no objectively reasonable basis for the other party to assert the claim, defense, or ground for appeal. *Dahl v. St. John*, 152 Or App 748, 753-54, 955 P2d 315, *rev den*, 327 Or 431 (1998) (explaining the two-step inquiry under ORS 20.105). In *Mantia v. Hanson*, 190 Or App 36, 77 P3d 1143, *rev den*, 336 Or 615 (2003), we held that a "prevailing party in the proceeding" as used in ORS 20.105 means "a party who has prevailed in the action generally," *id.* at 47; "merely succeeding on a particular claim" is insufficient, *id.* at 45.

In this case, because we conclude that the court erred in dismissing plaintiff's fourth amended complaint, defendants are not the prevailing party in the action generally. That is so even though defendants successfully moved to strike plaintiff's request for punitive damages from his complaint and partially prevailed on some aspects of their motion to dismiss or to strike the UTPA claim. Accordingly, although we do not condone plaintiff's conduct in requesting punitive damages in the final complaint without obtaining leave of the trial court pursuant to ORS 31.725 and in disregarding the court's order to comply with that statute, ORS 20.105 does not supply authority for the award of attorney fees to defendants.

Reversed and remanded.