NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BLACK ROCK COFFEE BAR, LLC, an
Oregon limited liability company,

Plaintiff - Appellant,

v.

BR COFFEE, LLC, a Nevada limited
liability company; BR RAINBOW OP,
LLC; BR BLUE DIAMOND OP, LLC; BR
SILVERADO RANCH OP, LLC, a Nevada
limited liability company; BR FT. APACHE
OP, LLC, a Nevada limited liability
company; BR RAINBOW NORTH OP,
LLC, a Nevada limited liability company,

Defendants - Appellees.

No. 24-2949

D.C. No.
3:20-cv-00976-SI

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted June 12, 2025
Portland, Oregon

Before: SCHROEDER, OWENS, and VANDYKE, Circuit Judges.
Dissent by Judge VANDYKE.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

The underlying dispute in this case concerns Black Rock Coffee Bar, LLC, an Oregon coffee shop franchisor, and its franchisees. The litigation has bounced between state, federal, and arbitration forums for several years.

This is an appeal from the district court's judgment vacating a substantial arbitration award in favor of Black Rock and against the franchisees, as well as their owners. The award represented damages, attorneys' fees, and discovery sanctions for failure to participate in the arbitration. Black Rock contends the arbitrator did not violate provisions of 9 U.S.C. § 10, emphasizing that review of the arbitration award is "both limited and highly deferential." *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 730 (9th Cir. 2006) (citation omitted).

The specific conduct of the arbitrator giving rise to this controversy was his decision to add the owners of the franchisees as parties to the arbitration. The owners were not signatories to the underlying franchise agreements in question, but the contracts contained a provision relating to the arbitrator's authority with respect to the owners. The owners indicated their intent to challenge the arbitrator's jurisdiction over them in the arbitration. They had filed state court actions, and removal to federal court was pending when the arbitrator issued the order for sanctions against both the franchisees and the owners.

In 2023, the district court ruled that it was for the court, not the arbitrator, to determine whether the owners had a valid arbitration agreement with Black Rock.

Because the court determined that there was no valid agreement between Black Rock and the owners, it enjoined Black Rock from enforcing the arbitration award against them.

Black Rock did not appeal. The parties are therefore bound by the district court's earlier decision that the arbitrator exceeded his authority in entering an award against the owners as well as the franchisees.

In this appeal, Black Rock seeks to enforce the award only as to the signatory franchisees, but the award was predicated upon the cumulative conduct of the owners as well as the franchisees. It is not divisible and was appropriately vacated by the district court. *Cf. Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009) (vacating part of an arbitration award because the award was divisible). We affirm its decision.

This court has been advised that new arbitration proceedings have begun, and a full evidentiary hearing is contemplated involving only Black Rock and the franchisees. Nothing in this decision should bear on the validity of those proceedings.

**AFFIRMED.**

*Black Rock Coffee Bar, LLC v. BR Coffee, LLC, et al.*, No. 24-2949
VANDYKE, Circuit Judge, dissenting:

In this dispute between franchisor Black Rock Coffee Bar, LLC ("Black Rock") and some of its franchisees, the district court vacated an arbitration award in Black Rock's favor because it concluded the arbitrator's conduct was so lawless that it violates the extremely deferential standard that courts must apply when reviewing arbitration awards. My colleagues in the majority don't address the merits of that ruling, but instead affirm on the basis that (1) the district court in an earlier ruling not before us concluded that the franchisees' owners were improperly added as parties to the arbitration, (2) the arbitrator's award that is before us was issued jointly against the franchisees and the owners, and (3) the award "is not divisible," and thus "was appropriately vacated by the district court."

On that last point I respectfully disagree. I think the award is divisible, or at least I don't know how we can conclude in this appeal that it isn't. I would therefore reach the merits of the district court's conclusion that the arbitrator exceeded his powers and manifestly disregarded the law. On those questions, I would reverse the district court's full vacatur of the award under the extremely deferential standard for reviewing arbitration awards, *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 647 (9th Cir. 2010), and I would remand this action with instructions to confirm the award against only the franchisees.

Starting with divisibility: Black Rock agrees that it isn't disputing the district

1

court's earlier ruling that the owners were improperly added to the arbitration, and so it isn't asking to enforce the award against the owners. Consistent with the highly deferential standard for reviewing an arbitration award, full vacatur is not appropriate in a circumstance like this when the award is divisible. *See Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009). Indeed, this court has confirmed similar arbitration awards against parties who are properly subject to arbitration proceedings even when another party was improperly added. *See, e.g.*, *id.* at 1287–88, 1294; *Ralph Andrews Prods., Inc. v. Writers Guild of Am., W.*, 938 F.2d 128, 129–31 (9th Cir. 1991). So although the award issued by the arbitrator here was against the franchisees and the owners, the reviewing court must first determine that the award is not divisible to justify a full vacatur under the majority's rationale.

Crucially, the district court here did not find that the award was facially indivisible. Rather, the court's concern was that the arbitrator's error of including the owners as parties to the arbitration "tainted the entire process," warranting full vacatur of the award. Yet at the same time, the district court acknowledged that the arbitrator's alleged error "affected only the … [o]wners." The district court's basis for vacating the award in its entirety thus rested more on perceived notions of procedural unfairness than on concerns about factual inseparability.

Setting the district court's unfairness concern aside for a moment, it is possible

2

to independently identify and enforce the damages assessed against the franchisees without implicating the owners. Unlike an arbitration award where "the arbitrator awarded a lump sum to be divided among the parties as they see fit" and thus prevented any separation between proper and improper parties, *PoolRe Ins. Corp. v. Org. Strategies, Inc.*, 783 F.3d 256, 265–66 (5th Cir. 2015) (internal quotation marks omitted), the award at issue here delineated the damages on each claim as to each party. Many of those claims do not involve the owners at all. Only the claims for trade secret misappropriation and fraudulent transfer resulted in shared liability against the owners and the franchisees. Those shared damages, however, arose from joint liability and, under Oregon law, those damages can be wholly assessed against just the franchisees. *See Horton v. Nelson*, 288 P.3d 967, 970 (Or. Ct. App. 2012) (recognizing that "multiple tortfeasors who act in concert with one another or who have a common plan or design" can be held jointly liable).

Having concluded that the award is divisible, I would thus reach and address the district court's two errors that warrant reversal. First, the district court erred in vacating the arbitration award under 9 U.S.C. § 10(a)(4) for manifest disregard of the law that allegedly tainted the entire arbitration process. "Manifest disregard requires something beyond and different from a mere error in the law …." *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1240 (9th Cir. 2022) (cleaned up). Although the arbitrator was made aware of the owners' position that the court,

3

not the arbitrator, must determine whether a non-signatory is bound to arbitrate, the record does not show that the arbitrator recognized this principle as clearly governing and intentionally disregarded it. *See Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009). In any event, this principle is not so iron-clad that it obviously governs in this case because an arbitrator can decide the threshold question of arbitrability if the parties clearly delegate it. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130–32 (9th Cir. 2015). So to prove a manifest disregard of the law, the franchisees would need to establish that the arbitration agreement here didn't clearly delegate arbitrability to the arbitrator—and that the arbitrator knew that. The franchisees never made such a showing. At most, the arbitrator simply committed legal error in interpreting the franchise agreements to cover the owners. Such error is insufficient to constitute a manifest disregard of the law. *See Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 572 (2013).

Second, the district court also erred in vacating the award under 9 U.S.C. § 10(a)(3) for the arbitrator's alleged misconduct that supposedly deprived the franchisees of a fundamentally fair hearing. What happened in the arbitration is that when the arbitrator ruled in a way the franchisees didn't like (specifically, joining the owners), the franchisees just stopped participating in the arbitration altogether. But that was a decision by the franchisees, not the arbitrator. The franchisees received notice of the proceedings and were given opportunities to respond. Their

4

intentional decision not to participate—without seeking interim relief or protective orders—does not constitute misconduct by the arbitrator. *See Marino v. Writers Guild of Am., E., Inc.*, 992 F.2d 1480, 1483–84 (9th Cir. 1993). Even assuming the arbitrator should have postponed the discovery hearing and a decision on the sanctions motion while the scope of his authority *over the owners* was being adjudicated in court, there is no evidence that this error was "in bad faith or so gross as to amount to affirmative misconduct" that deprived *the franchisees* of a fundamentally fair hearing. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 (1987). To the contrary, there is something perverse in concluding that the arbitrator should be blamed for deciding to continue on after the franchisees unilaterally decided to boycott the arbitration proceedings over a ruling they disliked. We would never encourage this type of "I'm-taking-my-toys-and-going-home" behavior by disaffected litigants in our courts, and we should not do so for arbitration proceedings either.

In short, even assuming the arbitrator erred in asserting jurisdiction over the owners, the award is divisible. Black Rock does not seek to enforce the award against the owners, and the district court has already enjoined such enforcement in any event. *See Comedy Club*, 553 F.3d at 1288. Divisibility thus cuts against the district court's full vacatur. And even assuming the arbitrator made some mistakes, nothing in the record in this case rises to the extreme level of exhibiting a manifest

5

disregard of the law or exceeding the arbitrator's powers vis-à-vis the franchisees. Because I would reverse and remand with instructions that the district court confirm the arbitration award against the franchisees only, I respectfully dissent.

6